## TAYLOR v. BANK OF VOLGA *et al.* (NICKEUS, Intervenor.)

1. In a suit by the receiver of a corporation against a bank to recover certain securities, a claim of an adverse interest in a note among the securities, which claimant alleged he had been induced to execute to the corporation on fraudulent representations, and which he had rescinded before the receiver was appointed, and had demanded a surrender of, entitled claimants to intervene, within Comp. Laws, Sec. 4886, providing that any person may intervene who has an interest in the matter in litigation, or an adverse interest against both parties.

2. It is not an abuse of discretion to permit a party who has any interest in the subject of litigation to intervene, though he might amply protect his right in some other way.

3. On appeal from the judgment alone, no appeal being taken from the order denying a new trial, the sufficiency of the evidence to support the findings of fact will not be reviewed.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by Maris Taylor, receiver of the Fidelity Fire Insurance Company, against the Bank of Volga and another, to recover certain securities. Johnson Nickeus intervened, by leave of court, claiming an interest in one of said securities adverse to both parties, and from a judgment for intervener the defendants appeal. Affirmed.

The facts are stated in the opinion.

*T. H. Null*, for appellant.

The pleadings do not present a proper case for intervention. Horn v. Water Co., 10 Cal. 70; Whitman v. Willis, 51 Tex. 421; Ashville v. Ashton, 92 N. C. 588; Chapman v. Forbes, 122 N. Y. 532; Van Gordon v. Ormsby, 55 Ia. 657; Teachout v. Railroad, 75 Ia. 722.

*H. C. Hinckley,* for respondent.

The sufficiency of the evidence is not reviewable upon an appeal from the judgment alone. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Evenson v. Webster, 3 S. D. 382, 53 N. W. 747. The intervention was proper. Duffield v. Ft. Barnum, etc., Wks., 31 N. W. 314; Upton v. Englehart, 3 Dill. 505; Spelling Priv. Corp. §§ 360, 798, 645, 646; Curtis v. Levitt, 15 N. Y. 44; High on Receivers, 135; Tarkington v. Purvis, 9 L. R. A. 7; 2 Beach on Priv. Corp., § 733; Martin v. Thompson, 63 Cal. 3; State v. Dukman, 38 Cal. 608; Speyer v. Thaniels, 21 Cal. 287; Coffin v. Greenfield, 55 Cal. 382; § 423, 4 Pom. Rem. & Rem. Rts.

FULLER, J.    Plaintiff, the receiver of the Fidelity Fire Insurance Company, an insolvent corporation, brought this action in that fiduciary capacity, to recover certain securities from the possession of the defendant the Bank of Volga, a corporation, and William Fisher, the vice-president, general manager and exclusive stockholder thereof, which it is alleged are the property of the insurance company, and were delivered to the Bank of Volga by the secretary of the company without any authority or consideration, but with the full knowledge of the defendant bank, pursuant to a collusive and fraudulent agreement entered into by and between said secretary and the defendant Fisher for the sole purpose of enabling the latter to avoid the payment of a large amount of money justly due from said Fisher to the insurance company. Among the securities and bills receivable, specifically described in the complaint, and which plaintiff seeks to recover, is a promissory note for $5,000 secured by a mortgage on real property, executed and delivered

to the Fidelity Fire Insurance Company by the intervener, John Nickeus, on the 11th day of June, 1889, in settlement for certain shares of the capital stock of said corporation. Apparently after issue was joined, Nickeus, the maker of the $5,000 note and mortgage, claiming an adverse interest therein, and the right of immediate possession thereof as against the plaintiff and both defendants, filed by leave of court a pleading in intervention, to recover the possession of the same, under which evidence might properly be introduced sufficient to show, in legal effect, that he was induced to purchase the shares of stock and execute the note and mortgage in question by means of the grossly false, deceptive, and fraudulent statements and representations made on the part of the company and by the defendants in this action concerning the financial condition of said corporation, and that immediately upon learning the true state of affairs, and long before the company went into the hands of a receiver, he rescinded said contract, by returning and tendering the shares of stock to the company and by demanding that his note be surrendered to him, and the mortgage be canceled and satisfied of record Although not specially advised of all the issues raised by the answer of the defendants, which is not before us, there is enough in the record to justify a conclusion that the intervention was allowable, as the possession of the intervener's note and mortgage was a matter in litigation, and his interest therein is adverse to the claims of both parties to the action. Comp. Laws, § 4886. A court does not abuse its discretion in permitting a party to intervene who has any interest in the matter in litigation, and the fact that he might amply protect his rights in some other way is immaterial. Coffey v. Greenfield, 55 Cal. 382. The intervener acted prudently in the beginning, is guilty of no laches in discovering the wrong, and has brought his matter into court, apparently, before any one not a party to the fraud has been injured. He could certainly maintain his action against the corporation, and in the absence of any opposing interests entitled to prefer-

ence, the receiver and the defendants stand in no better position as against a defrauded shareholder who has never received a benefit, or participated in the management of the company. In our opinion, a cause of action is stated, and the demurrer to the complaint of the intervener was properly overruled.

The case was tried to the court without a jury, and, upon findings of fact and conclusions of law favorable to the intervener upon all the issues, a decree was entered in his favor on the 7th day of May, 1894, directing the defendants to surrender the note in suit to said Johnson Nickeus, and to cancel and discharge of record the mortgage given to secure the same; and from said judgment the defendants appeal. Although a motion for a new trial was subsequently made, and an order denying the same was entered and served on or about the 23d day of December, 1895, no appeal from said order was ever taken, and consequently the evidence will not be reviewed for the purpose of determining its sufficiency to sustain the findings of fact. Evenson v. Webster, 3 S. D. 382, 53 N. W. 747; Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565. Obviously, respondent's claim neither trenches upon the interests of a *bona fide* creditor of the insolvent insurance company who became such on the strength of his apparent connection therewith, nor involves the rights of an innocent purchaser of the note and mortgage for value without notice of the fraudulent scheme by which the execution and delivery thereof was procured. And so the court found, in effect, that said secured note was obtained from respondent by the fraudulent representations of the bank and of the insurance company for their mutual benefit, to the exclusion of the rights of other creditors, if any existed; and under such a state of facts the receiver stands in the shoes of the corporation, and is not complaining of the judgment appealed from. As the evidence is not before us, and the findings of fact within the issues fully justify the judgment (which is practically conceded by counsel for appellants), a recital of such findings is deemed to

be wholly unnecessary. There being no reason in law or ethics for refusing to remove a burden from the shoulders of a fraud-induced shareholder, who has neither enjoyed nor slept upon any right, the judgment is affirmed.