BALDRIDGE et ux, Respondents, and FARMERS STATE BANK, Appellant v. REID, et ux, Respondents

(220 N.W.2d 532)

(File No. 11298. Opinion filed August 2, 1974)

**Gallagher & Battey,** Redfield, for plaintiffs and respondents.

**Ronayne & Richards,** Aberdeen, for applicant for intervention and appellant.

Peter J. Pagones, Aberdeen, for defendants and respondents.

DOYLE, Justice.

This is an appeal from an order refusing intervention by the appellant Farmers State Bank in an action by plaintiffs Baldridges against defendants Reids.

Baldridges, as owners of certain farmland which was subject to a mortgage payable to Northwestern Mutual Life Insurance Company of Milwaukee, entered into a "Purchase, Exchange and Lease Agreement" with Reids on February 11, 1970.[1] On April 16, 1971, Baldridges assigned all of their right and interest in and to said "agreement" to the Farmers State Bank.

Baldridges then on April 21, 1971, brought suit against Reids seeking a decree of strict foreclosure on the agreement alleging default in the payments thereunder. Reids answered with a general denial and counterclaimed, alleging that Baldridges were in default, praying for damages and/or rescission.

Baldridges defaulted under the terms of their mortgage with the insurance company. Foreclosure proceedings were instituted which culminated in an execution sale of the property on August 2, 1971. On August 1, 1972, Marilyn D. Reid, one of the vendees in the "agreement" of February 11, 1970, exercised her right of redemption and thereafter gave a warranty deed to the involved property to Willis Wetzler.

On August 8, 1972, the Farmers State Bank moved for an order permitting it to intervene in the April 21, 1971 action between the Baldridges and Reids. On August 17, 1972, Baldridges and Reids filed a stipulation and agreement dated July 27, 1972. In effect, this stipulation and agreement provided that

---

1. Under this agreement, among other things, the Baldridges were bound to pay the mortgage to the insurance company until the balance due on the mortgage was equal to the balance due on the purchase price. At that time Baldridges would convey the property to the Reids subject to the mortgage. The agreement also contained the following clause: "No assignment of this contract by either of the parties shall be valid without the written consent of the other endorsed hereon, and no assignment shall in any event release the other from any of the obligations herein imposed."

the Baldridges' interest in the real estate involved in the February 11, 1970 transaction and the April 21, 1971 action between the two parties could be dismissed with prejudice.

It is within this context that the Farmers State Bank sought to become a party in the April 21, 1971 action in order to protect its interest as presupposing validity of the April 16, 1971 assignment, vendor of the property in question.

In the trial court's memorandum decision the judge stated:

> "Because of the stipulation made between plaintiff and defendant and also because of the foreclosure proceedings which were started since the action was commenced which have now been completed and the property redeemed, all the issues in the action between the plaintiff (Baldridge) and defendant (Reid) are moot and disposed of and there remains nothing for the Applicant for Intervention to intervene into. The issues the applicant for intervention seeks to pursue are not those in the complaint of plaintiff or counterclaim of defendant but are new issues. Nothing further will happen in this action which will bind applicant for intervention."

We are not able to completely agree with the trial court in this case. According to SDCL 15-6-41(a), as amended, an action may be voluntarily dismissed in the following manner:

> "(1) By Plaintiff; by Stipulation. Subject to the provisions of § 15-6-23(e), of 15-6-66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court

> \*   \*   \*   \*   \*   \*

> (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

Since the Farmers State Bank had made its application for intervention prior to the filing of the above-mentioned stipulation agreement between the Baldridges and Reids, it in effect became

a party in that lawsuit. Therefore, since the Bank did not sign the stipulation and agreement the case in fact was not voluntarily dismissed.

In regard to intervention SDCL 15-6-24(a), as amended, provides in part as follows:

"Upon timely application anyone shall be permitted to intervene in an action:

\* \* \* \* \* \*

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ We first address ourselves to the requirement that an application for intervention must be timely made.

"Even though the requirement of timeliness applies to both intervention of right and permissive intervention, a different standard is used, depending on the type of intervention sought, in determining what is timely. Since in situations in which intervention is of right the would-be intervenor may be seriously harmed if he is not permitted to intervene, courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the intervention were merely permissive." Wright & Miller, Federal Practice and Procedure: Civil § 1916, p. 573.

It is our opinion that the Farmers State Bank is entitled to intervention as a matter of right for reasons more fully discussed hereinafter. Therefore, the Bank should be allowed to have its day in court, especially in this instance herein; such intervention would not unduly delay or prejudice adjudication of the rights of the original parties. Larson v. All-American Transport, Inc., 1969, 83 S.D. 622, 164 N.W.2d 603.

As to the second requirement, it is certainly clear that the Farmers State Bank is claiming an interest relating to the property involved in the original transaction between the Baldridges and Reids. It is also apparent that the disposition either by voluntary dismissal or otherwise would, as a practical matter, impair or impede the Bank's ability to protect its interest.

> "A lien upon property which is the subject of litigation generally gives a right to intervene in the action. Under this rule one who has a lien on the property affected by the suit, or whose lien may be impaired by the judgment, is entitled to intervene in such suit * * *." 59 Am.Jur.2d, Parties, § 151, p. 584.

Finally, we feel constrained to point out that the question herein involved is strictly procedural in nature and it is not our intention to comment on the several substantive issues of law presented by this fact situation nor reflect on the ultimate outcome.

Reversed and remanded.

All the Justices concur.