**June R. SOUTHARD, Plaintiff and Appellee,**

**and**

**K-Mart Corporation, Intervenor-Plaintiff and Appellant,**

v.

**Marty HANSEN, Defendant and Appellee.**

· No. 14238.

Supreme Court of South Dakota.

Argued Nov. 29, 1983.

Decided Jan. 11, 1984.

William Jason Groves and Robert F. LaFleur, Rapid City, for plaintiff and appellee.

George Beal, Rapid City, for intervenor-plaintiff and appellant.

Thomas C. Barnett, Jr., Philip, for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY

This civil appeal has an extensive procedural history, an understanding of which is vital to an appreciation of the one issue framed by the briefs. For purposes of convenience and clarity, we shall refer to intervenor-plaintiff and appellant as K-Mart, plaintiff-appellee as Southard, and defendant-appellee as Hansen.

On January 29, 1982, Southard filed a complaint against Jack Hansen, Marty Hansen, and Hansen's Hide and Fur (all defendants below) for alleged personal injuries sustained when a fish mounted by Marty Hansen fell on Southard during her employment at K-Mart Corporation's store in Rapid City, South Dakota. Defendants answered, strenuously denying liability. On March 16, 1982, defendants Jack Hansen and Hansen Hide and Fur motioned for summary judgment. On March 23, 1982,

Southard filed a motion to dismiss defendants Jack Hansen and Hansen Hide and Fur. On May 17, 1982, an order for summary judgment was granted in favor of defendants Jack Hansen and Hansen Hide and Fur.

Marty Hansen, the remaining defendant, motioned for summary judgment on May 6, 1982, claiming that he had transferred control, possession, and ownership of the fish to K-Mart Corporation. On May 10, 1982, Hansen filed an amended motion for summary judgment alleging, among other things, that K-Mart was not his agent, and to the extent that K-Mart employees believed they were his agent, they were "grossly mistaken." Southard rebutted this motion.

On November 12, 1982, Hansen sent a letter to K-Mart tendering defense of the suit to K-Mart. By letter dated March 10, 1983, Hansen again tendered defense of the suit to K-Mart. Hansen advised K-Mart that if it did not accept the tender of defense, Hansen would stipulate with Southard that a money judgment would be entered in favor of Southard against Hansen for $439,991.00. This judgment was not to be a lien against Hansen and could only be collected from K-Mart on a vicarious liability theory. Additionally, the stipulation would assign to Southard any cause of action Hansen had against K-Mart; Hansen would agree to cooperate fully with Southard; and Southard's attorneys would defend Hansen in any action brought against him by K-Mart. K-Mart declined the tender of defense and on April 7, 1983, filed a motion and petition to intervene as a party plaintiff in the litigation. K-Mart also applied for and received a temporary restraining order to prohibit the proposed stipulation. It was dissolved as reflected by the action below.

On April 12, 1983, Hansen amended his earlier motion for a summary judgment. This amended version sought summary judgment against all of Southard's counts except the vicarious liability theory. On April 14, 1983, the trial court entered an order granting summary judgment as proposed by Hansen. The following day, April 15, 1983, the trial court filed an order denying K-Mart's motion to intervene. K-Mart filed a petition with this Court for allowance of appeal from the trial court's prior intermediate order. On April 27, 1983, Southard and Hansen signed a stipulation as earlier proposed. This Court denied K-Mart's intermediate appeal on May 4, 1983. K-Mart on June 1, 1983, filed a notice of appeal from the trial court's order of April 15 denying intervention. On June 23, 1983, the trial court entered a judgment pursuant to the stipulation for $439,991.00 plus costs of $847.96. We reverse and remand.

## FACTS

Hansen is a taxidermist who desired to have his work product, a northern pike weighing approximately 20 pounds, displayed in K-Mart's Rapid City store. Some time during 1978, the fish was affixed to the wall in K-Mart's sporting goods department where Southard was employed. On August 9, 1979, the fish fell from the wall injuring Southard. As of April 7, 1983, K-Mart asserts by its intervenor complaint that it paid Southard $22,627.50 in worker's compensation benefits and medical expense reimbursement.

As depicted above, Southard brought suit against Hansen, who in defense claimed in part that K-Mart, and not he, owned the fish. In the stipulation entered one year later, Hansen stipulated that "he [Hansen] stuffed and owned the fish that fell and struck the Plaintiff [Southard] ...." K-Mart in its complaint in intervention asserted a bailment existed as Hansen owned the fish and loaned it to K-Mart. The complaint in intervention additionally asserted:

That the agreement contained within the Stipulation is collusive, fraudulent and oppressive, and if Southard and Defendant are allowed to enter into said Stipulation, Intervenor Plaintiff will be immediately and irreparably damaged and harmed.

## ISSUE

DID THE TRIAL COURT ERR IN DENYING K-MART'S MOTION TO INTERVENE AS A PARTY PLAINTIFF PURSUANT TO SDCL 15–6–24(a)? WE HOLD THAT IT DID.

## DECISION

South Dakota's worker's compensation statutes feature an exclusivity of remedy provision in SDCL 62–3–2. An exception to the exclusivity provision is provided in SDCL 62–4–38 which provides:

> Whenever an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages *or proceed against both the employer and such other person, but he shall not collect from both.*[1] (Emphasis supplied.)

Here, Southard collected worker's compensation benefits from K-Mart and proceeded against Hansen. However, the stipulation allows Southard to step into Hansen's legal shoes and pursue collection of a predetermined judgment against K-Mart.

Critical to our decision is SDCL 15–6–24(a) which provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the state confers an unconditional right to intervene; or (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Since Southard had proceeded under the worker's compensation statutes, she was unable to directly bring an action against K-Mart. However, Southard was free to bring a cause of action against Hansen. Conceptually, Hansen was free to attempt a cause of action against K-Mart. If Southard recovered damages against Hansen, K-Mart was free to attempt recovery of the worker's compensation outlayed to Southard. K-Mart could attempt its recovery directly from Southard under SDCL 62–4–39, or from Hansen with K-Mart acting in the name of Southard pursuant to SDCL 62–4–40.

By virtue of the stipulation restricting the $440,838.96 judgment to be enforceable solely against K-Mart, the ability of K-Mart to seek reimbursement of its worker's compensation benefits under SDCL 62–4–40 was circumvented. Although K-Mart could have opted to accept Hansen's tender of defense, doing so would have forced K-Mart to admit that it was liable to indemnify Hansen for any sums he was obligated to pay Southard. K-Mart would also have been required to assume that Hansen would cooperate with K-Mart's defense. Finding this option unpalatable, K-Mart was forced to attempt intervention. When its attempted intervention failed, K-Mart was relegated to stand outside the judicial arena and watch, as in a spirit of plaintiff and defendant cooperation, an unfavorable record and judgment were formulated.[2] We recently disapproved of opposing litigating parties breathing together to the detriment of another party in *Dehn v. Prouty*, 321 N.W.2d 534 (S.D.1982).

We have no difficulty holding that K-Mart may appeal from the final order denying intervention. SDCL 15–26A–3(2); *Baldridge v. Reid*, 88 S.D. 374, 220 N.W.2d 532 (1974). As to the merit of the proposed intervention, we are cognizant that intervention standards are flexible, allowing for some tailoring of decisions to the facts of each case. *Kozak v. Wells*, 278 F.2d 104 (8th Cir.1960). K-Mart unquestionably had an interest in the transaction underlying the claim. Indeed, it was a real party in interest. Due to the stipulation

---

1. In our recent decision of *VerBouwens v. Hamm Wood Products*, 334 N.W.2d 874 (S.D. 1983), we held that an employer could not be held liable to an employee outside of its employer status under a "dual capacity" theory.

2. For an interesting account of what can occur at the ensuing trial when an "evaporation of adversary vigor" obtains between a plaintiff and defendant, *see Degen v. Bayman*, 86 S.D. 598, 608, 200 N.W.2d 134, 139 (1972), wherein we reversed the trial court on a fact pattern with a cozy agreement somewhat similar to the one at bar.

234

and ensuing judgment, it is abundantly clear that K-Mart's ability to protect its interests was impeded as a practical matter. K-Mart had a right to defend its own liability. Therefore, we reverse the trial court's denial of intervention and remand this case with instructions to vacate the judgment entered below and allow K-Mart a right of intervention as its interests appear in the litigation.

We close as we did in *Baldridge*, 88 S.D. at 378, 220 N.W.2d at 535:

Finally, we feel constrained to point out that the question herein involved is strictly procedural in nature and it is not our intention to comment on the several substantive issues of law presented by this fact situation nor reflect on the ultimate outcome.

Reversed and remanded.

All the Justices concur.