Debra Jean WEIMER, formerly Debra Jean Barton, Plaintiff and Appellee,

v.

John Wilbert YPPARILA, Defendant,

and

American Concept Insurance Company, Intervenor and Appellant.

No. 18205.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1993.

Decided Aug. 4, 1993.

Glen H. Johnson, Johnson, Huffman, Rapid City, for plaintiff and appellee.

Thomas E. Simmons, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for intervenor and appellant.

WUEST, Justice.

American Concept appeals the trial court's order denying its motion to intervene as untimely. We reverse.

## FACTS

Debra Barton Weimer (Weimer) filed suit against John Ypparila (Ypparila) seeking damages for bodily injury arising from a 1988 auto accident.

In 1992, Weimer first notified her underinsurance carrier, American Concept, of the accident and the pending lawsuit. American Concept acknowledged the letter and requested Weimer's medical records and documents relating to the suit. American Concept also reserved its rights due to late notice from Weimer. American Concept requested an interview with Weimer, additional medical records and information concerning her employment. Most of the requested information was provided to American Concept. On July 6, 1992, Weimer's counsel notified American Concept that Ypparila's insurer, American Family, had offered its liability policy limit of $50,000 and if American Concept wished to preserve its right of subrogation it should substitute its $50,000. When Weimer's counsel received no response from American Concept concerning the offer, he wrote another letter on July 13, 1992, followed by a certified letter on August 4, 1992. In August and on September 1, 1992, Weimer's attorney provided additional materials to American Concept documenting Weimer's damages.

On September 2, 1992, Weimer executed a release and settlement agreement with Ypparila; Ypparila admitted liability and, in return for payment of his American Family policy limit of $50,000, Weimer signed an agreement to release him from any further liability. Weimer neither notified American Concept of the signing nor sent a copy of the completed document. On September 4, 1992, American Concept phoned Weimer's counsel regarding an independent medical exam of Weimer in Denver; the release and settlement were not mentioned. On September 18, 1992, Weimer's counsel wrote to American Concept concerning the medical examination in Denver; again, the release and settlement were not mentioned. On that very day, Weimer's counsel also served Ypparila's attorney with a pretrial checklist noting that trial was scheduled for October 6, 1992. Neither the pretrial checklist nor other notice of the trial date were sent to American Concept.

On October 6, 1992, a trial was held at which Weimer testified and presented expert witnesses and evidence concerning her damages. Ypparila made no appearance and the court was informed he had received notice of the trial date and had acknowledged liability in the release and settlement agreement. In a trial where no adversarial party appeared, Weimer was awarded $468,462.64 in damages.

Ten days after the trial, on October 19, 1992, Weimer's counsel wrote to American Concept, enclosed a certified copy of the judgment and demanded the company pay the difference between the $50,000 received from Ypparila and the $300,000 limit of Weimer's underinsured motorist policy—some $250,000. On November 20, 1992, American Concept filed a motion to intervene and a motion to vacate the judgment. A hearing was held on November 30, 1992. An order denying the motion to intervene upon the grounds it was untimely was entered in December.

## STANDARD OF REVIEW

 We first clarify our standard of review when intervention of right is sought under SDCL 15–6–24(a). In *Larson* we stated: "[a]n application to intervene must be timely made. Whether such requirement is satisfied is committed to the sound discretion of the trial court." *Larson v. All–American Transport, Inc.*, 83 S.D. 622, 626–27, 164 N.W.2d 603, 605–06 (1969). In *Baldridge* a quote from Wright & Miller may have suggested a different standard would be applied if intervention of right rather than permissive intervention was sought:

Even though the requirement of timeliness applies to both intervention of right and permissive intervention, a different standard is used, depending on the type of intervention sought, in determining what is timely. Since in situations in which intervention is of right the would-be intervenor may be seriously harmed if he is not permitted to intervene, courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the intervention were permissive.

Wright & Miller, Federal Practice and Procedure: Civil § 1916, p. 573.

*Baldridge v. Reid,* 88 S.D. 374, 377, 220 N.W.2d 532, 534 (1974). However, this quote must be read in conjunction with the sentence preceding it in Wright & Miller:

> Since the requirement of timeliness is a flexible one, much must necessarily be left to the sound discretion of the court and the trial judge's decision of the question will be reviewed only for an abuse of discretion.

7C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1916 (1986). Therefore, the language quoted in *Baldridge* applies to the standard applicable to the trial court's determination, not the appellate court's standard of review. This Court's standard of review is whether the trial court abused its discretion in denying intervention as of right.

## ANALYSIS

SDCL 15–6–24(a) permits intervention of right upon timely application when the applicant's interest is not being adequately protected.[1] It is here our inquiry lies—did American Concept intervene in a timely manner once it had notice its interests were no longer being protected by Ypparila?

This Court previously determined a respondent's motion to set aside a judgment was timely where, even though the respondent did not inquire, the court file did not contain sufficient information to put him on notice as to a judgment against him. *Weber v. Tschetter,* 1 S.D. 205, 214, 46 N.W. 201, 204 (1890). In this case, there was no

information in the court file noting the trial date of October 6, 1992, until Weimer filed a pretrial checklist on September 21, 1992. Short of checking the court file weekly, American Concept could not have received notice from the file.

■ Until American Concept was notified the release had actually been completed, it had reason to believe its interests were being adequately protected by Ypparila. Even though American Family had offered its policy limits, it had the continuing duty to defend Ypparila.[2] SDCL 58–11–9.6. Once the settlement and release of its insured was signed, American Family had discharged its duty. After that point, no one represented American Concept's interests. In effect, Weimer had no opposition at trial—her testimony and evidence were uncontroverted and unquestioned.

In *Erickson,* a Minnesota court held one day's notice of a scheduled default hearing to the underinsured carrier was not sufficient to protect its interests:

> Although St. Paul was aware of the pending suit against Bennett in February 1986, it had no knowledge of the progress of the suit until July 3, 1986, when Erickson's attorney informed St. Paul of the default hearing scheduled for July 7, 1986. St. Paul had no knowledge before then that Bennett was in default.
>
> Under these circumstances, timeliness does not turn on when St. Paul first became aware of the action, but rather on how quickly it acted once it learned that its interests were not protected by the existing parties.

1. SDCL 15–6–24(a) provides:

 Upon timely application anyone shall be permitted to intervene in an action:
 (1) When a statute of the state confers an unconditional right to intervene; or
 (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

2. A liability insurer may pay its policy limits without obtaining a complete release of its in-

sured but that will not terminate its continuing duty to defend its policyholder.

SDCL 58–11–9.6 provides:
 The issuer of the underinsured motorist coverage is subrogated to any amounts the insurer so pays and, upon payment, has an assignment of the judgment against the other party to the extent of the money paid. Refusal of the insurer of the underinsured motorist coverage to waive its statutory right of subrogation does not constitute bad faith. A liability insurer may pay the limits of the liability policy it issued without obtaining a complete release on behalf of its insured. Such payment does not abrogate any continuing duty to defend and does not constitute bad faith.

*Erickson v. Bennett,* 409 N.W.2d 884, 887 (Minn.App.1987). "In short, as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests." *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394, 97 S.Ct. 2464, 2471–72, 53 L.Ed.2d 423, 432 (1977) *reh'g denied* 434 U.S. 989, 98 S.Ct. 623, 54 L.Ed.2d 485 (intervention after final judgment for the purpose of pursuing an appeal is appropriate when the appeal has been abandoned by the parties to the suit and the intervenor's interest would no longer be protected); *Linton ex rel. Arnold v. Comm'r of Health and Env't,* 973 F.2d 1311, 1318 (6th Cir.1992) (post-judgment denial of intervention as untimely was abuse of discretion where applicants previously had no reason to intervene as long as they believed their interests were being adequately protected); *Grand Forks v. Mik–Lan Recreation Ass'n,* 421 N.W.2d 806, 809 (N.D.1988) (where judgment debtor did not inform other directors or condominium owners of default judgment, failure to grant their motion to intervene approximately one year later was an abuse of discretion); *see also Husfeldt v. Willmsen,* 434 N.W.2d 480, 482–83 (Minn.App.1989) (there is no right to intervention where there is no showing that underinsured carrier's interests are not being adequately protected).

As soon as American Concept learned its interests were no longer adequately protected by Ypparila, it made a motion to intervene. American Concept did not delay or sit on its rights, but acted promptly once it discovered its interests were no longer defended.

Additionally, American Concept was undoubtedly lulled by the apparent co-operation of Weimer in agreeing to an interview and providing medical records, reports, employment records and documents concerning the litigation. Whether inadvertent or not, it is clear that Weimer failed to notify

American Concept concerning the two most crucial documents—the signed settlement and release agreement and Weimer's pretrial checklist noting the trial date.[3]

This court has previously stated: "[t]he most important factor is whether the delay in moving for intervention will *unduly* delay or prejudice the adjudication of the rights of the original parties." *Larson,* 83 S.D. at 626–27, 164 N.W.2d at 606 (emphasis added) (quoting 2 Barron & Holtzoff (Wright) Federal Practice & Procedure—Rules Edition, § 594). If intervention is allowed, Ypparila will suffer no prejudice; the release and settlement agreement from Weimer protects him. Weimer may suffer some prejudice as she will have to prove her damages in an adversarial setting. However, in light of the fact that she failed to notify American Concept of her release of Ypparila and the impending trial, she will suffer no undue prejudice.

The trial court's denial of intervention of right as untimely was an abuse of discretion. We reverse and remand for proceedings consistent with this opinion.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

---

**3.** We note that Weimer motioned for and was denied a default judgment against Ypparila in February 1991, a month before she notified American Concept of the accident and pending lawsuit.