2001 SD 14

**James MERGEN, Plaintiff
and Appellee,**

v.

**NORTHERN STATES POWER
COMPANY, Defendant,**

and

**City of Sioux Falls, Intervenor
and Appellant.**

**No. 21371.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 2000.

Decided Jan. 31, 2001.

**621**

Steven M. Johnson and Matthew T. Tobin of Johnson, Heidepriem, Miner, Marlow and Janklow, Sioux Falls, SD, Attorneys for plaintiff and appellee.

R. Shawn Tornow, Chief Assistant City Attorney, Sioux Falls, SD, Attorney for intervenor and appellant.

AMUNDSON, Justice.

[¶ 1.] The City of Sioux Falls ("City") appeals the trial court's determination to condition the City's right to intervene on the payment of costs, including attorneys' fees to James Mergen, the plaintiff. City appeals. We reverse and remand.

## FACTS

[¶ 2.] On May 13, 1998, James Mergen, an employee with the City's Lights Department, was called by Northern States Power ("NSP") regarding an electrical connection in need of repair. Following NSP's instructions, Mergen was electrocuted while attempting to repair the electrical connection. Soon thereafter, he filed an injury report with City, his employer, for the purpose of claiming medical expenses and lost compensation under the workers' compensation laws. City accepted Mergen's claim and paid approximately $19,000 in medical bills and $9,200 in temporary total disability benefits. Approximately one year later, on April 8, 1999, Mergen brought a personal injury suit against NSP as an alleged third-party tortfeasor in Minnehaha County Circuit Court. Mergen's Complaint specifically excluded a request for recovery of worker's compensation expense payments incurred by City.

[¶ 3.] On June 7, 1999, nearly two months after Mergen filed his original complaint against NSP, City filed a Motion to Intervene, pursuant to SDCL 15–6–24(a), in the lawsuit between Mergen and NSP. In response to City's motion, Mergen filed a Brief in Resistance to such intervention by City and a hearing was held on September 20, 1999. The trial court conditioned City's motion, finding that City could only intervene if it agreed to pay Mergen reasonable costs and attorneys' fees. City now appeals, raising the following issue:

> Whether the trial court erred as a matter of law when it conditioned City's right to intervene by mandating the payment of reasonable expenses incurred by Mergen, including attorneys' fees.

## STANDARD OF REVIEW

[¶ 4.] "Statutory interpretation presents a question of law." *Satellite Cable Serv. v. Northern Elec. Coop., Inc.,* 1998 SD 67, ¶ 5, 581 N.W.2d 478, 480. "The construction of [a] statute and its application to [the] facts present questions of law, which we review de novo." *State v. Springer–Ertl,* 1997 SD 128, ¶ 4, 570 N.W.2d 39, 40. A trial court's findings of fact are to be reviewed under the clearly erroneous standard. *State v. Karlen,* 1999 SD 12, ¶ 6, 589 N.W.2d 594, 597; *State v. Westerfield,* 1997 SD 100, ¶ 8, 567 N.W.2d 863, 866. Because this case depends on

our interpretation of SDCL 15–6–24(a), we will review this matter de novo.

## DECISION

[¶ 5.] A party's right to intervene in a lawsuit between a plaintiff and a third party tortfeasor is controlled by SDCL 15–6–24(a). SDCL 15–6–24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute of the state confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The purpose of intervention is to obviate delay and multiplicity of suits by creating an opportunity to persons directly interested in the subject matter to join in an action or proceeding already instituted. The public policy addressed in SDCL 15–6–24(a) is clear.

[¶ 6.] We agree with City's argument that "it is not legally permissible to deny or condition an intervenor's right to enter an action." According to SDCL 15–6–24(a), a party "shall be permitted to intervene." Although SDCL 15–6–24(a) is a court rule rather than a statute enacted by the legislature, the general rules of construction still apply. "When the language of the [rule] is clear, certain, and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the [court rule] as clearly expressed in the [rule]." *State v. Sorensen*, 1999 SD 84, ¶ 14, 597 N.W.2d 682 (internal citations omitted). "When 'shall' is the operative verb in a [rule], it is given 'obligatory or mandatory' meaning." *Fritz v. Howard Twp.*, 1997 SD 122, ¶ 15, 570 N.W.2d 240, 242 (citations omitted). City has an absolute right to intervene, and the trial court had no discretion to

condition. "The fact that intervenor may have protected his right by pursuing another remedy is no reason for denying him the right to intervene." *Taylor v. Bank of Volga*, 9 S.D. 572, 70 N.W. 834 (1897). SDCL 15–6–24(a) provides the option to intervene without condition. There appears to be no countervailing reason why the claim of City should not be adjudicated in this action.

[¶ 7.] Mergen agrees the general rule allows an employer, in the context of workers' compensation, the right to intervene in a subsequent tort claim against a third-party tortfeasor in order to recover those expenses incurred by the employer. *See Millers Mut. Ins. Assoc. v. Young*, 601 So.2d 962 (Ala.1992); *Mar v. Sakti Int'l. Corp.*, 9 Cal.App.4th 1780, 12 Cal.Rptr.2d 388 (1992); *Hankee v. Wilkes–Barre/Scranton Int'l. Airport*, 532 Pa. 494, 616 A.2d 614 (1992); *Tucker v. Clare Bros. Ltd.*, 196 Mich.App. 513, 493 N.W.2d 918 (1992); *Uva v. Alonzy*, 116 Conn. 91, 163 A. 612 (1933). Rather, Mergen argues that the general rule does not apply because City's motion was untimely. *See Weimer v. Ypparila*, 504 N.W.2d 333 (S.D. 1993). In *Weimer*, we held "the most important factor is whether the delay in moving for intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 336 (citing *Larson v. All–American Transport, Inc.*, 83 S.D. 622, 164 N.W.2d 603, 606 (S.D. 1969)). We agree with the trial court that City's intervention was not untimely as Mergen failed to show any prejudice. As such, we hold that the trial court did not abuse its discretion.

[¶ 8.] Our holding today, however, does not limit nor hinder a trial court's discretion in imposing reasonable costs and fees between parties. Under our workers' compensation law an employer must pay the reasonable expense of litigating its claim. SDCL 62–4–39 provides:

If compensation has been awarded and paid under this title and the employee

has recovered damages from another person, the employer having paid the compensation may recover from the employee an amount equal to the amount of compensation paid by the employer to the employee, *less the necessary and reasonable expense of collecting the same, which expenses may include an attorney's fee not in excess of thirty-five percent of compensation paid,* subject to § 62–7–36. (emphasis added).

This statute, in cases of this nature, certainly allows trial courts discretion so that an intervenor pays its fair share. The statutory authority is clear. South Dakota law permits the trial court to impose reasonable costs and expenses of litigation upon an intervenor. *See Zoss v. Dakota Truck Underwriters,* 1998 SD 23, ¶ 16, 575 N.W.2d 258, 263 (determining that when there is a third party recovery, "the expenses and attorney's fee will be assessed on a pro rata basis"). It is clear that this Court has held that an intervenor cannot precipitously wait for expensive litigation costs to be incurred, then intervene without being obligated to pay its *pro rata* share of reasonable litigation expenses. *Id.* This rule is fair in that an intervenor, who enters a lawsuit as a matter of right, should be held responsible for its proportionate share of reasonable expenses incurred prior to intervention as determined by the trial court after an appropriate hearing.

[¶ 9.]   Reversed and remanded.

[¶ 10.]   MILLER, Chief Justice, and SABERS, KONENKAMP, and GILBERTSON, Justices, concur.