#26777-a-GAS

**2014 S.D. 40**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DEBORAH ISACK, individually,
and as Guardian and Conservator
for Terry D. Isack,                                                    Plaintiff and Appellee,

        v.

ACUITY,                                                                Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE ROBERT L. TIMM
Judge
\* \* \* \*

JON C. SOGN,
DANA VAN BEEK PALMER
Lynn, Jackson, Shultz
  & Lebrun, PC
Sioux Falls, South Dakota                          Attorneys for plaintiff
                                                                   and appellee.


RICK W. ORR
TIMOTHY M. GEBHART
Davenport, Evans, Hurwitz
  & Smith, LLP
Sioux Falls, South Dakota                          Attorneys for defendant
                                                                   and appellant.

\* \* \* \*

ARGUED MARCH 24, 2014

OPINION FILED **07/02/14**

#26777

SEVERSON, Justice

[¶1.] The Third Judicial Circuit Court awarded employee's attorney a thirty-three percent contingent fee from the employer's insurer's (Acuity's) recovery portion of a third-party tort settlement. Acuity appeals, arguing the circuit court erred because Acuity retained its own attorney to represent its statutory rights of recovery and offset. The circuit court held a hearing, applied SDCL 62-4-39, and determined the recovery's necessary and reasonable expenses. We affirm.

## Background

[¶2.] Terry Isack was seriously injured in an automobile accident on March 11, 2009. He was a passenger in a van driven by Donald Walraven during the course and scope of their employment with Elite Drain & Sewer. The accident was caused by Thomas Glanzer's negligence. Glanzer was in the course and scope of his employment with Hillside Hutterian Brethren, Inc. (Hillside). Acuity, Elite Drain & Sewer's workers' compensation insurer, paid workers' compensation benefits to or on behalf of Terry Isack as a result of the injuries he sustained in the accident.

[¶3.] On March 23, 2009, Deborah Isack (Isack) contacted attorney John Knight for legal representation. Knight communicated with Acuity on April 14, 2009, regarding his anticipated representation and Acuity's rights in any recovery from Glanzer or Hillside. Isack and Knight entered into a contingent fee arrangement on June 16, 2009. On June 25, 2009, Acuity contacted attorney Charles Larson to represent its statutory rights of recovery and offset in Isack's claim. Larson contacted Knight in early August 2009 to inform Knight that Acuity had retained him.

[¶4.]     On August 17, 2009, Isack sued Glanzer and Hillside. Near the same time, Walraven, represented by attorney Nancy Turbak Berry, also sued Glanzer and Hillside. Glanzer and Hillside moved to consolidate Isack's and Walraven's claims on February 9, 2010, which motion was later denied. Fearing a race to the courthouse due to claims exceeding insurance coverage and a potential Hillside bankruptcy, Walraven and Isack agreed to cooperate in their respective lawsuits. Acuity moved to intervene on March 9, 2010. The circuit court granted the motion on April 6, 2010.

[¶5.]     In late October 2010, Isack, Walraven, and Hillside reached a tentative litigation settlement. Acuity protested Knight's claim to attorney's fees from the amount attributed to Acuity's recovery and offset. In late December 2010, Isack and Acuity executed a settlement agreement that recognized the dispute over Knight's claim. The next month, Isack and Acuity executed another settlement agreement that placed one-third of Acuity's recovery and offset award into Knight's trust account to be held until Isack brought suit to resolve the attorney's-fees issue.

[¶6.]     On April 25, 2013, the parties conducted a bench trial in front of Judge Robert Timm. Judge Timm entered his memorandum decision on May 9, 2013, awarding Knight one-third of Acuity's recovery and offset award. Judge Timm entered findings of fact and conclusions of law on July 3, 2013, and final judgment on July 23, 2013. Acuity timely appeals, raising the issue of whether Knight was entitled to a fee from Acuity's recovery and offset portion of the damages.

## Standard of Review

[¶7.]     This Court previously stated that "[t]he construction of workers' compensation statutes and their application to the facts present questions of law reviewable de novo." *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 4, 620 N.W.2d 198, 200. But here, the question presented to this Court is mixed in law and fact. We are asked to review the circuit court's findings of fact regarding Larson's and Knight's contributions to the litigation and the circuit court's application of legal standards to those facts. For the factual inquiry, "findings of fact will not be set aside unless they are clearly erroneous." *Stockwell v. Stockwell*, 2010 S.D. 79, ¶ 16, 790 N.W.2d 52, 59. There, "[t]he question is not whether this Court would have made the same findings the trial court did, but whether on the entire evidence, 'we are left with [a] definite and firm conviction that a mistake has been made.'" *Id.* (second alteration in original) (quoting *In re Pringle*, 2008 S.D. 38, ¶ 18, 751 N.W.2d 277, 284). For the next inquiry—application of law to fact—the standard of review depends on the nature of the inquiry:

> If application of the rule of law to the facts requires an inquiry that is 'essentially factual'-one that is founded 'on the application of the fact-finding tribunal's experience with the mainsprings of human conduct'-the concerns of judicial administration will favor the [trial] court, and the [trial] court's determination should be classified as one of fact reviewable under the clearly erroneous standard. If, on the other hand, the question requires us to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles, then the concerns of judicial administration will favor the appellate court, and the question should be classified as one of law and reviewed de novo.

*Id.* (alterations in original) (quoting *Darling v. West River Masonry, Inc.*, 2010 S.D. 4, ¶ 10, 777 N.W.2d 363, 366).

## Analysis

[¶8.] Acuity argues that the circuit court erred by giving Knight a thirty-three percent contingent fee from Acuity's settlement portion because it retained Larson to represent its interests. Isack argues that the circuit court correctly allocated the entire contingent fee to Knight.

[¶9.] SDCL 62-4-39 creates a recovery right for the employer against a third-party claim less necessary and reasonable expenses, which may include attorney's fees up to the maximum amount of thirty-five percent of compensation paid:

> If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same, which expenses may include an attorney's fee not in excess of thirty-five percent of compensation paid, subject to § 62-7-36.

[¶10.] SDCL 62-4-39 "permits the trial court to impose reasonable costs and expenses of litigation upon an intervenor." *Mergen v. N. States Power Co.*, 2001 S.D. 14, ¶ 8, 621 N.W.2d 620, 623. In *Mergen*, we stated the "rule is fair in that an intervenor, who enters a lawsuit as a matter of right, should be held responsible for its proportionate share of reasonable expenses incurred prior to intervention as determined by the trial court after an appropriate hearing." *Id.*

[¶11.] SDCL 62-4-39's cost-sharing provision also applies to post-intervention expenses because it makes no pre- or post-intervention distinction. SDCL 62-4-39 requires a fact finder to determine the recovery's necessary and reasonable expenses. The optimum venue for that factual determination is with a trial court.

-4-

*Mergen*, 2001 S.D. 14, ¶ 8, 621 N.W.2d at 623 (stating expenses should be "determined by the trial court after an appropriate hearing"); *Summers v. Command Sys., Inc.*, 867 S.W.2d 312, 316 (Tenn. 1993) ("Any dispute regarding the amount and apportionment of attorney fees shall be resolved by the trial court.").

[¶12.]       In this case, after a bench trial, Judge Timm found that Knight's negotiation and agreement with Turbak Berry regarding apportionment of settlement funds was an important and substantial contribution.  Also, Judge Timm found that Knight's investigation of Hillside's assets and liabilities, and his petitioning for Hillside to be placed in a receivership, was an important and substantial contribution regarding the possibility of Hillside filing for protection under bankruptcy laws.  Overall, Judge Timm found "Knight's involvement in and work done on Isack's lawsuit against Glanzer and Hillside was valuable, important, and substantial in successfully prosecuting the lawsuit and ultimately recovering a settlement."  On the contrary, Judge Timm found "Larson's contribution to prosecuting the claim against Glanzer and Hillside, and contributions to the settlement with Glanzer and Hillside, was de minimus."  Specifically, Judge Timm found "Larson's involvement on behalf of Acuity was primarily an attempt by Acuity to avoid being responsible for Acuity's proportionate share of Knight's fees." Further, Judge Timm found "Larson's involvement on behalf of Acuity interfered with and complicated Knight's efforts to prosecute the lawsuit against Glanzer and Hillside, Knight's efforts to negotiate an agreement with Turbak Berry, and Knight's efforts to negotiate a settlement with Glanzer and Hillside."  Although there was evidence that Larson was at a deposition and mediation, sent and

received emails, and contributed to a life care plan, we cannot say that the evidence "clearly preponderates against" the circuit court's findings. *Parsley v. Parsley*, 2007 S.D. 58, ¶ 15, 734 N.W.2d 813, 817 (quoting *City of Deadwood v. Summit, Inc.*, 2000 S.D. 29, ¶ 9, 607 N.W.2d 22, 25). Thus, upon review, we cannot say those findings are clearly erroneous.

[¶13.] Turning to the application of law to the facts, to support its argument, Acuity cites *Schulz v. Gen. Wholesale Coop. Co.*, 238 N.W.2d 463, 467 (Neb. 1976) (insurance carrier's attorney's representation was "active and viable" throughout), and *D.N. Corp. v. Hammond*, 685 P.2d 1225, 1230 (Alaska 1984) (remanding to determine whether insurance carrier's attorney made a "substantial contribution to the carrier's recovery"). This case, however, is factually distinguishable from Acuity's authorities. We agree with the authorities' position that if the employer's or workers' compensation insurer's attorney actively and substantially contributed to its recovery, third-party attorney's fees may not be a necessary and reasonable expense. But here, the circuit court's findings do not support that conclusion. In this case, we find Acuity's briefed proposition from *Summers*, 867 S.W.2d 312, on point: "If the employer has not engaged or if the employer's counsel does not actively participate in the tort action, the contingent fee agreement between the employee and his attorney applies to the entire recovery, including the employer's subrogation lien."

[¶14.] In his application of law to the facts, Judge Timm "allocate[d] 100% of the amount of attorneys' fees and sales tax held in the Gunderson Firm Trust Account to Isack (for Knight's contributions) and 0% to Acuity (for Larson's

contributions)." Because the inquiry here is "essentially factual," we review the circuit court's determination under the clearly erroneous standard of review. *Stockwell*, 2010 S.D. 79, ¶ 16, 790 N.W.2d at 59. In this case, the circuit court determined the necessary and reasonable expense of attorney's fees to be thirty-three percent of the employer's recovery. Based on the circuit court's findings, we cannot say the circuit court's application of SDCL 62-4-39 to its factual findings is clearly erroneous.

[¶15.]     Acuity makes other policy arguments about the circuit court's legal application, including creating an incentive for the employee's attorney to exclude insurer's attorney from the litigation, depriving the insurer of the right to hire its own counsel if it doesn't win the race to the courthouse, and creating potential conflicts of interest. Indeed, both Isack and Acuity had interests to protect. Acuity's interest was to recover amounts for which it is responsible under workers' compensation statutes. Isack's interest was to recover damages not paid by workers' compensation. Those interests may intersect, but at times may also conflict.

[¶16.]     Acuity's arguments provide various factors the circuit court may consider and weigh when determining the recovery's necessary and reasonable expenses. For example, if the circuit court found employee's attorney excluded employer's attorney from participating or contributing to employer's recovery, it should weigh that factor appropriately. A party prohibiting or restricting cooperating legal assistance could be considered unreasonable under the circumstances. Or in that case, certain expenses could be considered unnecessary

as there were available, reasonable means to share or mitigate them. *See* SDCL 62-4-39 (stating "less the necessary and reasonable expense"). As to Acuity's argument of being deprived legal counsel, the insurer's counsel can participate as much or as little in the third-party litigation as they deem appropriate to represent their client's interests. Their participation, though, will eventually be subject to judicial scrutiny at the time the circuit court determines the recovery's necessary and reasonable expenses. Lastly, if a conflict of interest exists in regards to the recovery of certain damages, the circuit court may factor into the apportionment of expenses actions taken due to the conflict.

[¶17.]     Acuity also argues that the circuit court's legal application inappropriately mandates an attorney fee against it. In addition, Acuity argues that the fee was unreasonable under the circumstances. SDCL 62-4-39 allows the circuit court to subtract from employer's recovery "attorney's fees not in excess of thirty-five percent of compensation paid[.]" Here, the attorney's fees were thirty-three percent of compensation paid. The circuit court determined the fees to be necessary and reasonable. We do not find the circuit court's application of SDCL 62-4-39 to the facts in this case to be clearly erroneous.

## Conclusion

[¶18.]     SDCL 62-4-39 requires that the circuit court determine the recovery's necessary and reasonable expenses, including attorney's fees. In making that determination, the circuit court may consider various factors, including the reasonableness and necessity of expenses and how potential conflicts of interest might affect services rendered. Here, the circuit court conducted a hearing, weighed

evidence, and determined the recovery's necessary and reasonable expenses, including attorney's fees.  Therefore, the circuit court's application of SDCL 62-4-39—awarding Acuity no attorney's fees—was not clearly erroneous.  We affirm.

[¶19.]        GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.