#28570-a-DG
**2018 S.D. 82**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JOE BERBOS and LISA BERBOS,
individuals,

JOE BERBOS REAL ESTATE
LIMITED PARTNERSHIP, a
South Dakota Limited Partnership,

     and

JOE BERBOS MANAGEMENT,
LLC, a South Dakota Limited
Liability Company,                          Plaintiffs and Appellees,

     v.

NICK BERBOS, an individual,

BERBOS FARMS GENERAL PARTNERSHIP,
a South Dakota General Partnership,

NICK BERBOS REAL ESTATE
LIMITED PARTNERSHIP, a
South Dakota Limited Partnership,              Defendants and Appellees,

NICK BERBOS MANAGEMENT, LLC,
a South Dakota Limited Partnership,

     and

VICTORIA PERRY, individually, and CRAIG
PERRY and JAMES PERRY, Surviving Trustees
of the Trust created by the Last Will and Testament
of Gerald Perry, Deceased,              Applicants and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA
* * * *

THE HONORABLE RICHARD A. SOMMERS
Judge
* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 1, 2018
OPINION FILED **12/12/18**

SANDER J. MOREHEAD of
Woods, Fuller, Shultz & Smith, P.C.
Sioux Falls, South Dakota

Attorneys for plaintiffs and
appellees.


REED RASMUSSEN of
Siegel, Barnett & Schutz, LLP,
Aberdeen, South Dakota

Attorneys for defendants and
appellees.


CARLYLE RICHARDS of
Richards, Tonner, Oliver,
  Fischbach & Dell, LLP,
Aberdeen, South Dakota

Attorneys for applicants and
appellants.

* * * *

#28570

GILBERTSON, Chief Justice

[¶1.] Landowners Victoria Perry, Craig Perry, and James Perry (Appellants) entered into a farm lease/cash rent agreement with Berbos Farms General Partnership (Berbos Farms). Joe and Lisa Berbos and Nick Berbos were partners in Berbos Farms. Appellants sued Berbos Farms to recover unpaid cash rent under the lease for the year 2015. During discovery in that litigation, Appellants realized Joe and Lisa had filed a separate action in circuit court to dissolve Berbos Farms. Appellants moved to intervene in the partnership dissolution action seeking to preserve their right to payment of the 2015 cash rent in case Berbos Farms was dissolved. The circuit court denied the Appellants motion and they appeal. We affirm.

**Facts and Procedural History**

[¶2.] Appellants own and manage approximately 900 acres of cropland in Edmunds County. On January 4, 2013, Appellants entered into a farm lease/cash rent agreement with Berbos Farms. Nick signed the one-page lease on behalf of Berbos Farms. Berbos Farms took possession of the farmland for three years: 2013, 2014, and 2015. Appellants claim Berbos Farms made timely payments on all cash rent required by the lease until November 1, 2015. At that time, Appellants claim Berbos Farms failed to pay the agreed cash rent of $56,196.

[¶3.] Appellants sued Berbos Farms and Nick and Joe individually to recover the 2015 cash rent payment. Appellants commenced discovery and deposed Joe and Lisa. During Joe's deposition on March 30, 2017, Appellants discovered that: (1) Nick was no longer representing Berbos Farms in obtaining rental land in

South Dakota; (2) the relationship between Nick and Joe had become tense; and (3) Joe and Lisa had commenced a lawsuit to dissolve Berbos Farms in April 2014. Appellants moved for summary judgment, but the circuit court denied the motion on October 5, 2017. As of the date of this appeal, the action to recover the cash rent is still pending in circuit court.

[¶4.] Based on the information obtained in Joe's deposition, the Appellants moved to intervene as a matter of right pursuant to SDCL 15-6-24(a)(2) and attached a proposed complaint in the Berbos Farms partnership dissolution lawsuit on January 16, 2018. The proposed complaint in intervention raised the same claims as the Appellants asserted in the lawsuit to recover the unpaid cash rent. Joe and Nick opposed the motion to intervene. On March 2, 2018, the circuit court held a hearing and denied the motion because: (1) there was a pending lawsuit that had no relation to the partnership dissolution; (2) allowing the intervention would open the door to any creditor or individual with claims against Berbos Farms to join the dissolution lawsuit; and (3) permitting the intervention would allow Appellants to unnecessarily discover the net worth and financial holdings of Berbos Farms. On March 9, 2018, the circuit court entered a written order denying the motion. Appellants appeal the circuit court's order and ask this Court to review whether the circuit court abused its discretion in denying the motion to intervene.

## Analysis & Decision

[¶5.] We review a circuit court's denial of a motion to intervene for an abuse of discretion. *In re Estate of Olson*, 2008 S.D. 126, ¶ 4, 759 N.W.2d 315, 318. "An abuse of discretion refers to a discretion exercised to an end or purpose not justified

by, and clearly against reason and evidence." *O'Day v. Nanton*, 2017 S.D. 90, ¶ 17, 905 N.W.2d 568, 572 (quoting *Kaiser v. Univ. Physicians Clinic*, 2006 S.D. 95, ¶ 29, 724 N.W.2d 186, 194).

[¶6.]    "South Dakota's court rule SDCL 15-6-24(a)(2) is almost identical to Federal Rule of Civil Procedure 24(a) . . . . [and] governs intervention as a matter of right . . . ." *Olson*, 2008 S.D. 126, ¶ 5, 759 N.W.2d at 318 (citations omitted). SDCL 15-6-24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action:
>
>  . . .
>
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[¶7.]    "The purpose of this rule is 'to obviate delay and multiplicity of suits by creating an opportunity to persons directly interested in the subject matter to join in an action or proceeding already instituted.'" *Olson*, 2008 S.D. 126, ¶ 5, 759 N.W.2d at 318 (quoting *In re D.M.*, 2006 S.D. 15, ¶ 4, 710 N.W.2d 441, 443). "Intervention is strictly procedural and 'intervention standards are flexible, allowing for some tailoring of decisions to the facts of each case.'" *Id.* (quoting *D.M.*, 2006 S.D. 15, ¶ 4, 710 N.W.2d at 443). "[SDCL 15-6-24(a)(2)] is construed liberally, and we resolve all doubts in favor of the proposed intervenors." *Id.* (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995)).  In applying this rule, this Court utilizes the following tripartite test:

> 1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might

-3-

> be impaired by the disposition of the litigation; and 3) the interest must not be adequately protected by the existing parties.

*Id.* (quoting *D.M.*, 2006 S.D. 15, ¶ 5, 710 N.W.2d at 444).

[¶8.] Appellants argue that their motion to intervene should have been granted under SDCL 15-6-24(a)(2). They claim that they have adequately shown an interest in the partnership dissolution proceeding because they are owed unpaid cash rent from the partnership. Appellants claim their ability to protect that interest may be impaired or impeded by dissolution of the partnership and disbursement of its assets. Appellants also argue that the circuit court's findings had no legal basis and that the findings improperly extended the requirements of the statute.

[¶9.] To the contrary, Appellees argue that Appellants have failed to show: (1) an interest relating to the partnership dissolution proceeding; and (2) a way in which that interest would be impaired or impeded through the disposition of the partnership dissolution proceeding. Appellees also contend that there is no need for Appellants to intervene in the partnership dissolution suit because they already possess a proper remedy to pursue their claim in the ongoing separate suit to obtain the unpaid cash rent.

[¶10.] Appellants have shown a recognized interest in the partnership dissolution lawsuit. As noted by the Appellees, "the issue in [the partnership dissolution] litigation is whether Berbos Farms should be dissolved and, if so, *how its affairs should be wound up.*" (Emphasis added.) The record indicates that Berbos Farm partners Joe and Lisa sought to dissolve Berbos Farms. The

dissolution suit is therefore governed by SDCL 48-7A-801(5), which provides in pertinent part:

> A partnership is dissolved, and *its business must be wound up*, only upon the occurrence of any of the following events:
>
> . . .
>
> (5) On application by a partner, a judicial determination that:
>> (i) The economic purpose of the partnership is likely to be unreasonably frustrated;
>> (ii) Another partner has engaged in conduct relating to the partnership business which makes it not reasonably practicable to carry on the business in partnership with that partner; or
>> (iii) It is not otherwise reasonably practicable to carry on the partnership business in conformity with the partnership agreement[.]

(Emphasis added.)

[¶11.]    Notably, the statute provides that when a partnership is judicially dissolved, the affairs of the partnership must be wound up. By placing the cash rent farm lease in the record, the Appellants have shown that the partnership, at least allegedly, has an obligation to pay them rent for 2015. Appellants also claim that they never received the 2015 rent payment. Therefore, resolving all doubts in favor of the Appellants, it is likely that the Appellants have an interest in the partnership dissolution action as a creditor to Berbos Farms.

[¶12.]    The Appellants have made no definite showing, however, that their interest might be impaired by the disposition of the partnership dissolution litigation. Appellants argue that if the assets of the partnership are inadequate to cover its obligations to all creditors, the Appellants claim is in danger of being left unpaid. However, the Appellants have failed to make any showing, either in their complaint accompanying the motion to intervene or on appeal, that the partnership

assets are insufficient to satisfy the claim for 2015 cash rent. This is particularly true because the claim for cash rent remains disputed and unliquidated as it has yet to be reduced to judgment. Additionally, the Appellants maintain the ability to pursue their claim for unpaid rent—both against Berbos Farms and against Joe and Nick as individuals—in the parallel litigation. *See* SDCL 48-7A-306; *Action Mech., Inc. v. Deadwood Historic Pres. Comm'n*, 2002 S.D. 121, ¶ 51, 652 N.W.2d 742, 756 (stating that individual partners generally remain jointly and severally liable for all debts of a general partnership).

[¶13.]     Finally, the operation of SDCL 48-7A-807 suggests that the Appellants' interest will be protected—not impaired—in the event of Berbos Farms' dissolution. The clear and unambiguous text of SDCL 48-7A-807(a) provides that a dissolving partnership's assets, including the contributions of the partners, "*must be applied* to discharge its obligations to creditors[.]" (Emphasis added.) Therefore, the Appellants' interest is as protected as that of any other similarly situated claimant without regard to intervention in the dissolution action.

[¶14.]     Because the Appellants have not shown that the claim for unpaid cash rent might be impaired by the disposition of the partnership dissolution lawsuit, the Appellants have failed to meet the tripartite test necessary for intervention as a matter of right under SDCL 15-6-24(a)(2). The circuit court therefore did not abuse its discretion in denying Appellants motion to intervene. We affirm.

[¶15.]     KERN, JENSEN and SALTER, Justices, concur.