#28885-r-PJD
**2020 S.D. 31**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
RUSSELL I. CARVER REVOCABLE TRUST,
U/T/A DATED OCTOBER 11, 2001, AS AMENDED.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT GUSINSKY
Judge

* * * *

MICHAEL M. HICKEY
JOHN H. RAFORTH of
Bangs, McCullen, Butler,
   Foye & Simmons, LLP
Rapid City, South Dakota

Attorneys for appellants
Kenneth E. McFarland and
Kelli J. McFarland.

TIMOTHY W. BILLION
BRENDAN V. JOHNSON
DENISE S. RAHNE of
Robins Kaplan, LLP
Sioux Falls, South Dakota

Attorneys for appellee Edwin
Jenkins, Trustee.

* * * *

ARGUED
NOVEMBER 5, 2019
OPINION FILED **06/03/20**

#28885

DEVANEY, Justice

[¶1.] After the settlor of a trust died, a petition was filed in circuit court requesting judicial supervision of the trust under SDCL 21-22-9. The petitioners also requested that the court declare the validity of the original trust and its first amendment, asserting that subsequent amendments to the trust were invalid. A successor trustee objected and filed a motion for judgment on the pleadings, arguing that a challenge to the validity of a trust could not be asserted in a petition for judicial supervision, but rather could only be commenced via service of summons. The circuit court granted the successor trustee's motion and summarily dismissed the petitioners' request that the circuit court declare the original trust and its first amendment valid. The petitioners appeal. We reverse and remand.

## Factual and Procedural Background

[¶2.] Russell Carver created a revocable trust on October 11, 2001. He also executed a power of attorney. In both documents, Russell named his wife, Norma, as his agent in fact and his first successor trustee. Russell named his stepson-in-law, Kenneth McFarland (husband of Russell's stepdaughter Kelli), as a successor trustee and an agent in fact in the event of Norma's death. Under the terms of the trust, Russell left his estate to Norma. If Norma predeceased him, Russell's estate would be distributed in equal shares to his children, his stepchildren, and the surviving children of his stepson Wayne Courtney. At that time, Russell's living biological children included Carolyn Jenkins, James Carver, Tom Carver, and Kit Carver. His living stepchildren included Sandra Pool, Laura Larson, and Kelli McFarland. Wayne Courtney, also a stepchild, had predeceased Russell.

-1-

[¶3.]        On May 16, 2012, Norma died, and in August 2012, Russell amended his trust, naming Kenneth as his first successor trustee.  He further amended the trust to provide that his estate would be distributed "in equal shares to [his] living children and stepchildren, the issue of any deceased child to take the share of their parent by right of representation."[1]  Approximately four years later, on February 9, 2016, Russell again amended his trust.  He revoked the first amendment and named Edwin Jenkins (replacing Kenneth) as his first successor trustee.  Edwin is Carolyn's husband and Russell's son-in-law.

[¶4.]        The second amendment also provided that only Russell's biological children would have the authority, along with a concurring opinion of a licensed psychologist, to determine whether Russell is at any time incapacitated or has an impaired ability to transact ordinary business.  This amendment came after then-existing successor trustee, Kenneth, had arranged for Russell to be examined by two medical professionals.  Russell was 93 years old at the time, and each professional opined that Russell was unable and incompetent to manage his own affairs.  In response, Tom Carver (Russell's biological son) had Russell examined by a different medical professional who opined that Russell had the mental capacity to make his own decisions.

[¶5.]        Also in February 2016, Russell executed a new power of attorney.  He named his biological son Tom as his agent for healthcare decisions and Edwin as his agent for financial matters.  In May 2016, a lawsuit seeking declaratory relief was filed, naming Russell as the plaintiff.  The original complaint requested a

_____

1.    By that time James Carver was deceased and had no children.

declaration that Russell has the capacity to make his own financial and healthcare decisions and manage his affairs, and that he is competent to act upon his own behalf. An amended complaint requested, among other things, that the court recognize as valid Russell's acts of revoking the 2001 Power of Attorney and executing the 2016 Power of Attorney.[2]

[¶6.]     Russell amended his trust two more times, once on June 29, 2016 and again on January 23, 2017. The third amendment disinherited his stepdaughter Kelli (Kenneth's wife) and indicated that he omitted Kelli because he believed she and Kenneth had refused to follow his wishes in managing his affairs. The fourth amendment disinherited all of his stepchildren (and their children) and directed that Russell's estate be distributed equally to Tom Carver, Carolyn Jenkins, and by right of representation to June Carver (Kit's wife).[3]

[¶7.]     Russell died on March 16, 2017. Within one year of his death, Kelli and Kenneth (the McFarlands) filed a petition with the circuit court under SDCL chapter 21-22 to assume judicial supervision of the 2012 Amended Russell I. Carver Revocable Trust. They attached an inventory exhibit showing a description of the trust property, along with an exhibit listing the names, residences, and last known addresses of all persons interested in the 2012 amended trust. In addition to their request that the court assume supervision, the McFarlands requested that the court determine the validity of the 2012 amended trust. They specifically noted that the

---

2.     The circuit court dismissed this suit without prejudice in November 2019 in response to a motion to dismiss by Russell's counsel.

3.     Kit passed away between the first and second amendment.

trust had been amended three times after 2012, but alleged the invalidity of those amendments.

[¶8.]     On March 30, 2018, the circuit court entered an order scheduling a hearing on the McFarlands' petition.  Although Edwin was not listed on the notice of hearing, he filed an objection to the petition.[4]  While he agreed that it would be appropriate for the court to assume judicial supervision of the trust, he disagreed that Russell's estate should be distributed under the terms of the 2001 trust and the 2012 first amendment.  He instead requested that the trust be administered and distributed under its terms as they existed in 2017 (after the second, third, and fourth amendments) prior to Russell's death.  Edwin also requested that the court deny the McFarlands' petition to the extent it seeks to challenge the validity of any trust document.

[¶9.]     Before a hearing could be held on the McFarlands' petition and Edwin's objection, Edwin filed a motion for judgment on the pleadings.  He argued that the McFarlands' trust challenge was time barred because they failed to timely commence a judicial proceeding to challenge the validity of the trust as required by SDCL 55-4-57(a)(1).  Under SDCL 55-4-57(a)(1), a judicial proceeding to challenge the validity of a trust must be commenced no later than one year after the settlor's death.

[¶10.]    After a hearing, the circuit court issued an amended order granting Edwin's motion.  The court noted that the McFarlands' petition included a request for court supervision of Russell's trust as well as a claim for declaratory relief

_____

4.     Edwin's wife, Carolyn Jenkins, was listed on the notice of hearing.

challenging the validity of the various trust amendments. In regard to the request for declaratory relief, the court interpreted SDCL 55-4-57(a)(1) in conjunction with SDCL 21-24-7 to mean that a petition for judicial supervision is not sufficient to commence a challenge to the validity of a trust; rather, the McFarlands were required to commence their trust challenge by service of summons within one year after Russell's death. Thus, the court dismissed the portion of the McFarlands' petition requesting declaratory relief.

[¶11.]     The McFarlands appeal, asserting the circuit court erred when it concluded that their trust challenge was time barred under SDCL 55-4-57(a)(1). They alternatively assert that if their trust challenge is time barred, SDCL 55-4-57 violates their constitutional right to equal protection. Because of our resolution on the first issue, we need not address the McFarlands' alternative argument.

## Standard of Review

[¶12.]     The dismissal of the McFarlands' petition was based upon the circuit court's interpretation of statutes relating to trusts and declaratory relief. We review questions of statutory interpretation de novo. *In re the Admin. of the Lee R. Wintersteen Revocable Tr. Agreement*, 2018 S.D. 12, ¶ 9 n.5, 907 N.W.2d 785, 789 n.5.

## Analysis and Decision

I. *Whether trust challenges may be initiated under SDCL chapter 21-22*

[¶13.]     The parties do not dispute that under SDCL 55-4-57(a) and this Court's decision in *Wintersteen,* a claim challenging the validity of a trust must be commenced within the time prescribed by SDCL 55-4-57(a), regardless of whether a

trust is under court supervision. *See* 2018 S.D. 12, ¶ 19, 907 N.W.2d at 791. The parties, however, disagree as to whether *Wintersteen* also held that a claim challenging the validity of a trust may be included in a petition for judicial supervision under SDCL chapter 21-22.

[¶14.] Edwin contends that a challenge to the validity of a trust "is not properly the subject of a petition for administrative supervision" under SDCL 21-22-9 because that statute pertains to trust administration, and in *Wintersteen*, we indicated that the beneficiary's challenge to a trust amendment did "not involve matters relevant to the management and disposal of the Trust as envisioned by SDCL 21-22-13." *See* 2018 S.D. 12, ¶ 15, 907 N.W.2d at 790. Edwin, however, reads the language in *Wintersteen* too broadly.

[¶15.] In *Wintersteen*, the trustor's widow, after discovering that she had been removed as a beneficiary in an amendment to the trust, initially sought only supervision of the trust pursuant to SDCL 21-22-9. But then after the court had assumed supervision, she sought (more than one year after the settlor's death) to amend her initial petition under SDCL 21-22-13 to assert a challenge to the validity of the trust amendment. Our decision in *Wintersteen* ultimately hinged on whether SDCL 21-22-13 or SDCL 55-4-57(a) controlled *the timeliness* of the trust challenge filed by the beneficiary. There was no dispute that the petitioner had failed to assert her trust challenge within one year after the settlor's death as required by SDCL 55-4-57(a)(1). The petitioner, however, argued that her challenge could be filed anytime under SDCL 21-22-13. We disagreed, concluding that SDCL 55-4-

57(a) controlled as the more specific statute governing the timeframe for challenging the validity of a trust or its amendments. *Id.* ¶ 15.

[¶16.] Importantly, we specifically noted that "[o]ur holding" in *Wintersteen* "does not preclude a litigant from bringing a claim challenging the validity of a trust or amendment within a petition seeking court supervision[,]" so long as the claim is timely brought under SDCL 55-4-57(a). *Id.* ¶ 16 n.8. Lest there be any confusion stemming from our discussion in *Wintersteen*, we now clarify that a challenge to the validity of a trust may be included in a petition filed under SDCL chapter 21-22, so long as the trust challenge is commenced in a timely manner under SDCL 55-4-57(a). "When engaging in statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject." *Citibank v. S.D. Dep't of Revenue*, 2015 S.D. 67, ¶ 12, 868 N.W.2d 381, 387 (quoting *Paul Nelson Farm v. S.D. Dep't of Revenue*, 2014 S.D. 31, ¶ 10, 847 N.W.2d 550, 554). SDCL 21-22-9 provides that "[t]he court shall make such order approving the relief requested by the petition, give such directions to a fiduciary as the court shall determine, or resolve objections filed by an interested party pursuant to § 21-22-16." In resolving objections, SDCL 21-22-16 authorizes the court to "enter any order it deems appropriate, which order may: (1) Resolve any issues the court deems proper if all matters included in the petition, which are not objected to at the initial hearing, are approved; (2) Determine the scope of discovery; and (3) Set a schedule for further proceedings for the prompt resolution of the matter."

[¶17.]     Allowing trust challenges to be determined within a petition for court supervision is not a novel concept. In an analogous scenario, when an interested party petitions for supervised administration of a will under SDCL 29A-3-502 and the testacy of the decedent has not been previously adjudicated, the petitioner is required to include within the petition "the matters required of a petition in a formal testacy proceeding[,]" and the court is required to adjudicate such matters "even though the request for supervised administration may be denied." Such matters include whether the petitioner is aware of any other unrevoked testamentary instruments, and if so, why they are not being offered for probate. *See* SDCL 29A-3-402; SDCL 29A-3-301(a)(2)(ii), (iii).[5]

[¶18.]     Edwin nonetheless contends that to allow the commencement of a trust challenge via the filing of a petition under chapter 21-22 would be inconsistent with the public policy recognized by this Court, namely that SDCL 55-4-57 is intended "to facilitate the expeditious administration of trusts by limiting the time period to commence a trust contest" following a settlor's death. *See In re Elizabeth A. Briggs Revocable Living Tr.*, 2017 S.D. 40, ¶ 13, 898 N.W.2d 465, 470. He further claims that to allow the McFarlands to commence a trust challenge in a petition filed

_____

5.     SDCL chapter 21-24 also supports that a request to declare a trust valid or invalid may be made in a petition for judicial supervision under chapter 21-22. Under SDCL 21-24-1, "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for." Further, SDCL 21-24-5 provides that "[a]ny person interested . . . may have a declaration of rights or legal relations in respect thereto: . . . (3) [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

under SDCL 21-22-9 "would effectively allow parties to challenge a trust at any time[.]" We disagree.

[¶19.]    Allowing a circuit court to consider a *timely* asserted challenge to the validity of a trust in a petition for judicial administration does not subvert the expeditious administration of a trust. Moreover, a trust challenge cannot occur at *any time*. *Wintersteen* held in no uncertain terms that a trust challenge must be filed within the statutory periods set forth in SDCL 55-4-57(a). *See* 2018 S.D. 12, ¶ 16, 907 N.W.2d at 791. This time limitation applies regardless of the fact that the challenge was commenced via a petition filed pursuant to SDCL chapter 21-22.

II. *What is required to commence a judicial proceeding under SDCL 55-4-57(a)*

[¶20.]    Under SDCL 55-4-57(a)(1), a "judicial proceeding" to contest the validity of a trust must be "commenced" within "[o]ne year after the settlor's death[.]" The McFarlands argue that their petition, filed under SDCL 21-22-9 (which specifically included a challenge to the validity of the later trust amendments) in accord with the procedures set forth in SDCL chapter 21-22, properly commenced a judicial proceeding as contemplated by SDCL 55-4-57(a)(1). Edwin, in response, contends that the McFarlands' trust challenge is in fact a civil action for declaratory relief; therefore, "the special procedures in chapter 21-22 for administrative petitions [did] not relieve the McFarlands of their obligation to comply with the ordinary rules of civil procedure."

[¶21.]    While SDCL 55-4-57(a) requires that a proceeding challenging the validity of a trust be timely commenced, nothing in SDCL 55-4-57(a) directs that a civil action be commenced by personal service of summons as provided in the rules

of civil procedure.  Rather, SDCL 55-4-57(a) refers more broadly to the

commencement of a *judicial proceeding*.  In *Wintersteen*, we examined the phrase

"judicial proceeding" as contemplated in SDCL 55-4-57(a) and noted our previous

definition:

> Any proceeding wherein judicial action is invoked and taken.
> Any proceeding to obtain such remedy as the law allows. . . .  A
> general term for proceedings relating to, practiced in, or
> proceeding from, a court of justice. . . .  A proceeding wherein
> there are parties, who have opportunity to be heard, and
> wherein the tribunal proceeds either to a determination of facts
> upon evidence or of law upon proved or conceded facts.

2018 S.D. 12, ¶ 19, 907 N.W.2d at 791 (quoting *Specialty Mills, Inc. v. Citizens State

Bank*, 1997 S.D. 7, ¶ 10, 558 N.W.2d 617, 621).

[¶22.]        There are many types of judicial proceedings, and not all of them are

commenced by personal service of summons.  For example, SDCL 55-4-57(a) refers

to several types of proceedings related to the timeframes within which a trust

contest must be commenced.  Under SDCL 55-4-57(a)(3), one can no longer contest a

trust after receiving notice that a trust has been adjudicated as valid "as a result of

a *petition filed* before the settlor's death[.]"  (Emphasis added.)  *See also* SDCL 55-4-

57(g) (allowing any trustee to petition the court *under the procedures set forth in*

*chapter 21-22* for an order confirming the validity of a trust).  Likewise, SDCL 55-4-

57(a)(5) refers to "[t]he last date a *petition* for review of a will could be *filed*" as one

of the dates by which a proceeding to contest the validity of a trust must be

commenced.  (Emphasis added.)  Under the Uniform Probate Code, SDCL 29A-3-

401 provides that "[a] formal testacy *proceeding* may be *commenced* by an interested

person *filing a petition*[.]"  (Emphasis added.)  Will contests are routinely heard in

the context of such probate proceedings. These proceedings are "commenced" by filing a petition offering the will for probate. *See* SDCL 29A-3-402 (providing the petition requirements of SDCL 29A-3-301); SDCL 29A-3-502 (incorporating the petition requirements for formal testacy proceedings if the testacy of the decedent has not been yet adjudicated).

[¶23.] A review of other statutes governing trusts further supports the proposition that the manner of commencing a judicial proceeding challenging a trust as contemplated by SDCL 55-4-57(a) depends on the type of judicial proceeding at issue. *See Wintersteen*, 2018 S.D. 12, ¶ 16 n.8, 907 N.W.2d at 790 n.8 (relating that we "construe multiple statutes covering the same subject matter in such a way as to give effect to all of the statutes if possible") (quoting *Citibank*, 2015 S.D. 67, ¶ 19, 868 N.W.2d at 390). Relevant here, SDCL Title 55 broadly governs fiduciaries and trusts and SDCL chapter 21-22 sets forth the specific judicial remedies governing the administration of trust estates. Judicial hearings relating to trusts are also referenced in Title 29A (the Uniform Probate Code). *See* SDCL 29A-1-311 (referring to petitions relating to the administration of trust estates under SDCL chapter 21-22).

[¶24.] Because nothing in SDCL 55-4-57(a) dictates the *type* of judicial proceeding a litigant must utilize to challenge the validity of a trust and because the commencement of a trust challenge depends on the type of proceeding at issue, we decline to interpret SDCL 55-4-57(a) to require that a trust challenge be commenced only in proceedings which are initiated by a service of summons under SDCL 15-2-30.

[¶25.]        Edwin argues, however, that even if a petition for judicial supervision under SDCL chapter 21-22 is a proper vehicle for commencing a trust challenge, the McFarlands were nonetheless required to commence their trust challenge via service of summons under SDCL 15-6-3 and SDCL 15-2-30 because they also requested declaratory relief under SDCL chapter 21-24.  Edwin focuses on the language in SDCL 21-22-31 providing that "[a] proceeding brought pursuant to this chapter is considered an action for purposes of title 15."  The McFarlands, in response, direct this Court to the remaining language in SDCL 21-22-31 excepting the rules of civil procedure—including SDCL 15-2-30 and SDCL 15-6-3—when SDCL chapter 21-22 specifically provides rules to the contrary or when Title 15 is inconsistent with the provisions within chapter 21-22.[6]  In their view, because chapter 21-22 requires the filing of a petition (not service of a summons), the *filing of a petition* under SDCL 21-22-9 *commenced* a judicial proceeding as contemplated by SDCL 55-4-57(a).  We agree.

[¶26.]        Here, for non-court trusts, SDCL 21-22-9 requires the filing of a requisite petition, and upon that petition being filed, the court is required to fix a time and place for hearing "as provided pursuant to this chapter . . . ."  If a court is required to set a hearing, a proceeding has necessarily been commenced.  Therefore, the filing of the petition is the first act or step required to commence this type of proceeding.  *See* Black's Law Dictionary 268 (11th ed. 2019) (defining

---

6.    A statute with identical language is contained within the Uniform Probate Code regarding the applicability of the rules of civil procedure to probate proceedings.  *See* SDCL 29A-1-304 ("[u]nless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure . . . govern formal proceedings under this code").

"commencement of an action" as "[t]he time at which judicial or administrative proceedings begin, typically with the filing of a formal complaint"). Because SDCL chapter 21-22 sets forth the procedure for commencing a proceeding under that chapter, which is different from the procedure required to commence an action under Title 15, the rules governing the commencement of a civil action in SDCL 15-2-30 do not apply to the McFarlands' trust action commenced under SDCL chapter 21-22.[7]

[¶27.] Edwin offers two further arguments as to why he believes the filing of a petition for supervision of a non-court trust is insufficient to commence a trust challenge. First, Edwin claims that only proceedings brought under SDCL 21-22-6 commence immediately by the filing of a petition because unlike a petition for supervision of a non-court trust under SDCL 21-22-9, "supervision by the court" for court trusts "shall be deemed to commence" upon the filing of the requisite papers. Edwin's attempt to differentiate proceedings pertaining to court trusts and non-court trusts is misplaced.

[¶28.] The question here is not when "supervision" commences, but rather when the "judicial proceeding" contemplated by SDCL 55-4-57(a) itself commences. Under SDCL 21-22-9, a court may ultimately decline supervision if "good cause to the contrary is shown." That a court declines supervision does not, however, negate that a proceeding was nonetheless commenced, as the petition *invokes judicial action*. *See Wintersteen*, 2018 S.D. 12, ¶ 19, 907 N.W.2d at 791. In fact, it is the

---

7. SDCL 15-6-81(a) (Appendix A) (rules of civil procedure in chapter 15-6 do not govern chapter 21-22 "insofar as they are inconsistent or in conflict with" the procedure and practice provided by these rules).

commencing of such a proceeding, by filing a petition, that then *requires* the court to fix a time and place for a hearing, of which notice must be given to the interested parties. *See* SDCL 21-22-9; SDCL 21-22-18.

[¶29.] Notably, the filing of a petition commences a will contest, which is one of the proceedings enumerated under SDCL 55-4-57(a). *See* SDCL 29A-3-401 ("A formal testacy *proceeding* may be *commenced* by an interested person *filing a petition*." (Emphasis added.)). The process to commence a will contest is essentially identical to the procedure set forth in SDCL 21-22-9. "Upon commencement of a formal testacy proceeding," SDCL 29A-3-403 requires the court to fix a time for hearing, of which the interested parties must be noticed as set forth in SDCL 29A-1-401. Likewise, under SDCL 21-22-9, "[u]pon the petition being filed, the court shall fix a time and place for hearing thereon, unless notice and a hearing are waived in writing by all fiduciaries and beneficiaries, and notice shall be given as provided pursuant to this chapter[.]" *See also* SDCL 21-22-17; SDCL 21-22-18 (notice of hearing and service requirements).

[¶30.] Next Edwin argues that the McFarlands' trust challenge should be deemed to have commenced upon the mailing of the notice to the interested parties, rather than at the time the petition was filed. Although the McFarlands filed a petition for judicial supervision on March 14, 2018, which was within the one-year timeframe after Russell's death, their notice to the other interested parties was mailed on April 2, 2018, a date outside the one-year timeframe required by SDCL 55-4-57(a)(1).

[¶31.] Edwin's argument ignores the fact that it is not until after the judicial proceeding under SDCL chapter 21-22 has commenced that a petitioner is required to notify the interested parties. Notably, SDCL 21-22-17 directs that notice of all hearings on the petition "shall be given *as provided in this chapter*." (Emphasis added.) Notice may be satisfied under SDCL 21-22-18 by more than one method: "personally, by mail, postage prepaid, addressed to each person at the last known post office address as shown by the records and files in the proceeding, or electronically in accordance with § 15-6-5(d) and applicable local rules, at least fourteen days prior to the hearing unless the court for good cause shown directs a shorter period."[8]

[¶32.] As Edwin points out in his supplemental brief, "the purpose of service of process is twofold: first, to advise that *a legal proceeding has been commenced*, and, second, to warn those affected to appear and respond to the claim." *Spade v. Branum*, 2002 S.D. 43, ¶ 7, 643 N.W.2d 765, 768 (emphasis added). Both purposes of service of process are fulfilled by the directives in SDCL 21-22-17 and SDCL 21-22-18, whereby the interested parties are given notice of the commencement of the proceeding along with an opportunity to object and be heard. These procedures also satisfy the requirement in SDCL 21-24-7 that "all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]" Thus, the notice procedure in SDCL chapter 21-22 serves a different, but necessary, function other than commencement of the proceeding.

---

8. Similar to SDCL 21-22-18 and SDCL 21-22-19 (service by publication), the Uniform Probate Code provides that notice may be given pursuant to SDCL 29A-1-401 either by mail, by personal service, or by publication.

[¶33.]    Nevertheless, Edwin suggests that the circuit court's dismissal was proper because the McFarlands did not include him in the notice of hearing when he is clearly an interested party as the trustee of the most current trust document. *See* SDCL 21-22-18 (requiring notice to be served upon "fiduciaries, beneficiaries, and attorneys of record"). While Edwin is correct that he should have received notice in the same manner as the other interested parties, the proper remedy is not a dismissal of the proceeding. Edwin's argument ignores the fact that certain types of proceedings, like those involving the administration of trusts and wills, commence upon the filing of the petition. Such proceedings are different in nature than many other types of civil actions wherein there is a clearly identified "defendant" upon whom service of summons must be made in accord with SDCL 15-2-30. In proceedings involving wills and trusts, there are instead several "interested parties," some of whom may object to the relief requested, while others may not. While not the case here, it is often unknown at the commencement of these proceedings whether one of these interested parties may object. This is no doubt the reason why there is not a requirement to *personally* serve every interested party with a summons at the outset of one of these proceedings.

[¶34.]    There is, however, a remedial consequence in the event of a failure to provide due notice to an interested party related to a request to have a trust declared valid or invalid. Under SDCL 21-24-7, "no declaration shall prejudice the rights of persons not parties to the proceeding." This is consistent with SDCL 29A-3-105 in the context of probate and administration of wills, which directs that a court's determination in a probate proceeding is binding on the persons notified

even "though less than all interested persons may have been given notice." *See In re Bickel*, 2016 S.D. 28, ¶¶ 22-26, 879 N.W.2d 741, 748–50 (failure to serve notice on all interested parties did not deprive the court of jurisdiction to render a determination as to all persons notified in conformity with SDCL 29A-1-401).

[¶35.]     Notably, here, Edwin's wife Carolyn, one of the beneficiaries of the trust, was noticed by mail and it is undisputed that Edwin had actual notice of the judicial proceeding as he filed a timely objection. Thus, in his capacity as a fiduciary, he has not been deprived of the opportunity to protect the interests of the beneficiaries of the more recent versions of the trust at issue. Nonetheless, on remand, the McFarlands should comply with the procedures in SDCL 21-22-18 to ensure that all interested parties are properly noticed as to any future hearings.

## Conclusion

[¶36.]     Because a circuit court may consider the validity of a trust in a petition for judicial supervision under SDCL chapter 21-22, the McFarlands' petition, filed pursuant to SDCL 21-22-9, which included a request that the circuit court determine the validity of the various trust amendments, properly commenced a judicial proceeding as contemplated by SDCL 55-4-57(a). The McFarlands' trust challenge was timely because they filed their petition within the one-year timeframe after Russell's death. Therefore, the circuit court erred when it dismissed the portion of the McFarlands' petition requesting that the circuit court determine the validity of the trust or its amendments.

[¶37.]     We reverse and remand.

#28885

[¶38.]     GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.