#29677-r-SRJ
**2022 S.D. 53**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
SHIRLEY A. HICKEY LIVING TRUST.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON SOGN
Judge

* * * *

JOHN K. NOONEY
ROBERT J. GALBRAITH
JARED D. NOONEY of
Nooney & Solay LLP
Rapid City, South Dakota

Attorneys for appellants
Kristina Lippert and Darren
Hickey.


JACK H. HIEB of
Richardson, Wyly, Wise
   Sauck & Hieb, LLP
Aberdeen, South Dakota

Attorneys for appellees Warren
Hickey, Jeannine Hickey-Reuer,
and Annette Jarrell.

* * * *

CONSIDERED ON BRIEFS
MARCH 21, 2022
OPINION FILED **08/24/22**

* * * *

LEE SCHOENBECK of
Schoenbeck & Erickson, P.C.
Watertown, South Dakota

Attorneys for appellees Warren
Hickey and Jeannine Hickey-
Reuer.

#29677

JENSEN, Chief Justice

[¶1.] Bradley Hickey filed a petition challenging the validity of an amendment to the Shirley A. Hickey Trust (Trust). Nearly a year later, Kristina Lippert and Darren Hickey filed a motion to intervene in the petition. The circuit court denied the motion to intervene, finding that the motion was untimely under SDCL 15-6-24(a) because Kristina and Darren had failed to timely challenge the validity of the Trust as required by SDCL 55-4-57(a). Kristina and Darren filed a motion for clarification and reconsideration, requesting the court to reconsider the denial of the motion to intervene and to clarify their ability to participate in discovery and at trial. The circuit court denied the motion for reconsideration and determined Kristina and Darren could not participate in the trial through the presentation of evidence and the examination of witnesses. Kristina and Darren appeal the denial of their motion to intervene and the denial of their motion for clarification and reconsideration. We reverse, vacate a portion of the order denying the motion for clarification and reconsideration, and remand for further proceedings.

## Facts and Procedural History

[¶2.] Shirley and Clifford Hickey were married in 1956. They had eight children: Jeannine Hickey-Reuer, Vance Hickey, Bradley, Michelle Hoesing, Terence Hickey, Warren Hickey, Darren, and Kristina. Shirley and Clifford owned and operated several successful businesses and accumulated significant assets during their lifetimes. Clifford died in 2007. Shirley established the Trust on March 22, 2010, and transferred substantially all of her assets into the Trust. The

-1-

Trust provided that upon Shirley's death, each of her eight children would receive an equal share in the Trust. Shirley amended the Trust several times before her death.

[¶3.] Shirley initially amended and restated the Trust (First Amended Trust) in September 2016. The First Amended Trust distributed some real property to a separate trust and provided that upon Shirley's death, the Trust corpus would be divided equally among her eight children. The First Amended Trust named Shirley and Kristina as co-trustees. In 2017, Kristina petitioned to place Shirley under a guardianship and conservatorship and requested to be appointed as Shirley's guardian and conservator.[1] Bradley, Vance, Michelle, Terence, and Darren also supported the petition. A circuit court judge ultimately denied Kristina's petition.

[¶4.] Shirley's relationship with the children who had supported the guardianship became strained. In January 2018, Shirley removed Kristina as a co-trustee of the Trust. Shirley amended and restated the First Amended Trust, creating the Second Amended Trust in February 2018. Shirley named herself and First National Bank as the co-trustees of the Second Amended Trust. The Second Amended Trust directed the trustee, upon Shirley's death, to distribute $1,000 each to Bradley, Vance, Michelle, Terence, Darren, and Kristina, and to distribute certain real property to a separate trust. The remainder of the trust corpus was to

---

1. Kristina petitioned for guardianship and conservatorship after learning that Shirley, on behalf of the Trust, signed a promissory note in favor of Warren for the sum of $4,000,000.

be divided equally into one-third shares and distributed to Warren and his wife Deb Crawford, Jeannine, and Shirley's sister, Annette Jarrell.

[¶5.] Shirley died on September 12, 2019. Per the terms of the Second Amended Trust, the Trust became irrevocable and First National Bank became the sole trustee. On September 25, 2019, First National Bank sent letters to the beneficiaries of the Second Amended Trust, including Kristina and Darren, providing notice of the 60-day limitation period to challenge the validity of the Second Amended Trust under SDCL 55-4-57(a).

[¶6.] On November 22, 2019, Bradley filed a petition for court supervision of the Trust, an accounting, protection of privacy, and a declaration of invalidity, reformation and modification of the Trust (Petition). The Petition requested the court to invalidate the Second Amended Trust, alleging undue influence by Warren. Alternatively, the Petition alleged claims of mistake of fact and undue influence and requested the court to reform or modify the Second Amended Trust to distribute the Trust pursuant to the First Amended Trust to properly reflect Shirley's lifelong intent to equally divide her estate between all eight children. None of the other siblings filed a petition challenging the validity of the Second Amended Trust.

[¶7.] The court granted the request for court supervision of the Second Amended Trust pursuant to SDCL 21-22-9. On June 18, 2020, the court entered a scheduling order for the litigation involving the Petition. On October 12, 2020, Kristina and Darren filed a motion to intervene (Motion) in the Petition. The Motion asserted that Kristina and Darren were entitled to intervene as a matter of right pursuant to SDCL 15-6-24(a)(2). They argued that as beneficiaries of the

Second Amended Trust they had an interest in the litigation because the Petition sought to invalidate or reform the Trust to equally divide the Trust assets between Shirley's eight children. The Motion further alleged that Bradley was not adequately protecting Kristina's and Darren's interests in the litigation because they believed Warren, alone or with one or more of the other residuary beneficiaries, was attempting to settle the Petition to the exclusion of Kristina and Darren. Kristina and Darren also claimed that Bradley had refused to enter into an agreement to divide any monies received from litigation evenly among the beneficiaries who were to receive $1,000 under the Second Amended Trust and that there was other adverse, pending litigation between the siblings.

[¶8.] Warren, Jeannine, and Annette opposed the Motion, arguing that it was untimely under SDCL 15-6-24(a)(2).[2] Warren, Jeannine, and Annette argued that under SDCL 55-4-57(a), Kristina and Darren had 60 days after First National Bank provided notice to challenge the Second Amended Trust, and because the Motion was filed outside the 60-day period, they were prohibited from intervening. In response, Kristina and Darren asserted that they timely intervened as interested parties under SDCL 15-6-24(a)(2) once they learned that Bradley was no longer protecting their interests and also asserted that Warren, Jeannine, and Annette had failed to identify any prejudice arising from intervention.

[¶9.] Kristina and Darren served discovery requests on Warren on November 13, 2020. The discovery requests sought financial and tax information

---

2.    Neither Bradley nor First National Bank took a position on the Motion and neither have taken a position in this appeal.

from Warren from 1988 to 2010. Warren filed a motion for a protective order to prohibit the discovery requests. Kristina and Darren also filed a motion to amend the scheduling order seeking to extend the discovery deadline, which Warren, Jeannine, and Annette opposed.

[¶10.] On April 15, 2021, the court denied the Motion. The court concluded that Kristina and Darren satisfied the tripartite test from *Berbos v. Berbos*, 2018 S.D. 82, ¶ 7, 921 N.W.2d 475, 477, but determined the Motion was untimely under SDCL 55-4-57(a) because it was not filed within 60 days after First National Bank provided notice to the beneficiaries of the repose period to challenge the validity of the Second Amended Trust. The court also entered a protective order prohibiting the discovery sought by Kristina and Darren and entered an order determining that Kristina and Darren's motion to modify the scheduling order was moot.

[¶11.] On April 27, 2021, Kristina and Darren filed a motion for clarification and reconsideration of the circuit court's orders denying the Motion, granting the protective order, and denying the motion to amend the scheduling order. Kristina and Darren also sought clarification as to whether they would be allowed to present evidence or examine witnesses at the trial.

[¶12.] The circuit court denied the motion for clarification and reconsideration on June 2, 2021. The order specified that Kristina and Darren would not be allowed to present evidence or examine witnesses at the time of trial. The court also denied the portion of the motion requesting reconsideration of the protective order and the order denying the request to amend the scheduling order.

[¶13.] Kristina and Darren appeal, arguing that the circuit court erred in denying the Motion as untimely and in denying their motion for clarification and reconsideration.

## Analysis

[¶14.] "We review a circuit court's denial of a motion to intervene for an abuse of discretion." *Berbos*, 2018 S.D. 82, ¶ 5, 921 N.W.2d at 477. "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *Id.* (quoting *O'Day v. Nanton*, 2017 S.D. 90, ¶ 17, 905 N.W.2d 568, 572). "[S]tatutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review." *In re Est. of Flaws*, 2016 S.D. 61, ¶ 12, 885 N.W.2d 580, 583 (citation omitted).

### I. *Appellate Jurisdiction*

[¶15.] Warren, Jeannine, and Annette acknowledge that this Court has jurisdiction under SDCL 15-26A-3(2) to consider the appeal from the circuit court's order denying the Motion. *See Southard v. Hansen*, 342 N.W.2d 231, 233 (S.D. 1984) (holding that an appeal could be taken from an order denying intervention). However, they argue the Court lacks jurisdiction to consider Kristina and Darren's appeal of the order denying the motion for clarification and reconsideration. To support their argument, Warren, Jeannine, and Annette cite *People ex rel. S.M.D.N.*, 2004 S.D. 5, ¶ 7, 674 N.W.2d 516, 517, in which we held that "an order dismissing a motion to reconsider entered by the circuit court does not create a new avenue for appeal." "A motion for reconsideration is not a separate and appealable

order. Rather, it is 'an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.'" *Id.* (quoting *Breeden v. Neb. Methodist Hosp.*, 598 N.W.2d 441, 444 (Neb. 1999)).

[¶16.] In *S.M.D.N.*, we determined this Court lacked jurisdiction to consider an appeal of an order denying a motion to reconsider because the underlying order being challenged had previously been summarily affirmed by this Court and the statutory right to appeal the order had long since passed. 2004 S.D. 5, ¶ 7, 674 N.W.2d at 517. *S.M.D.N.* properly recognized that a motion to reconsider could not revive the appeal period for the underlying order. Here, however, the notice of entry of the circuit court's order denying the Motion was not served on Kristina and Darren until May 12, 2021. Kristina and Darren timely appealed this order by filing their notice of appeal on June 8, 2021, less than 30 days after the written notice of entry of the order. *See* SDCL 15-26A-6 ("An appeal from a judgment or order must be taken within thirty days after the judgment or order shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party.").

[¶17.] Because the appeal of the order denying the Motion is timely, this Court also has appellate jurisdiction to consider any error in the order denying the motion for clarification and reconsideration to the extent it implicates our appellate jurisdiction under SDCL 15-26A-3(2), relating to the order denying the Motion. *See Southard*, 342 N.W.2d at 233. In particular, this Court may exercise appellate jurisdiction under SDCL 15-26A-3(2) over the portion of the clarification order denying Kristina and Darren the ability to participate at trial, as that order is a

direct extension of the earlier order denying intervention that was timely appealed by Kristina and Darren.[3]

### II. Whether the circuit court abused its discretion in denying Kristina and Darren's Motion as untimely.

[¶18.]    "South Dakota's court rule SDCL 15-6-24(a)(2) is almost identical to Federal Rule of Civil Procedure 24(a) . . . [and] governs intervention as a matter of right[.]" *Berbos*, 2018 S.D. 82, ¶ 6, 921 N.W.2d at 477 (quoting *In re Est. of Olson*, 2008 S.D. 126, ¶ 5, 759 N.W.2d 315, 318). SDCL 15-6-24(a) provides:

> Upon *timely application* anyone shall be permitted to intervene in an action:
>
> . . .
>
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(Emphasis added.) This Court construes SDCL 15-6-24(a)(2) liberally and "resolve[s] all doubts in favor of the proposed intervenors." *Berbos*, 2018 S.D. 82, ¶ 7, 921 N.W.2d at 477 (citation omitted).

---

3.    Though, as we have stated, an order denying a motion for reconsideration generally does not provide an independent basis for appellate jurisdiction, the circuit court's order did not simply deny reconsideration. The court's order clarified the order denying intervention by prohibiting participation at trial by counsel for Kristina and Darren. Whether this aspect of the order would be appealable in its own right is an unsettled question that we need not resolve here, given our view that the court's decision restricting Kristina and Darren's participation is reviewable as part of the court's decision denying their intervention.

[¶19.]    When applying intervention as a matter of right under SDCL 15-6-24(a), we utilize a tripartite test:

> 1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might be impaired by the disposition of the litigation; and 3) the interest must not be adequately protected by the existing parties.

*Id.* (citation omitted). Additionally, the language of the rule requires that "[a]n application to intervene must be timely made. Whether such requirement is satisfied is committed to the sound discretion of the trial court." *Weimer v. Ypparila*, 504 N.W.2d 333, 334 (S.D. 1993) (citation omitted).

[¶20.]    The circuit court found that Kristina and Darren met the tripartite test applied to SDCL 15-6-24(a)(2) for intervention as a matter of right, and neither party has challenged that determination on appeal. Therefore, the only question before this Court is whether Kristina and Darren timely applied for intervention under SDCL 15-6-24(a)(2).

[¶21.]    Kristina and Darren argue that the circuit court erred in denying their Motion as untimely under SDCL 15-6-24(a)(2) because they filed their Motion as soon as they learned that Bradley was no longer protecting their interests. They cite our decision in *Weimer* where we explained that the timeliness for a motion to intervene "does not turn on when [the party] first became aware of the action, but rather on how quickly it acted once it learned that its interests were not protected by the existing parties." 504 N.W.2d at 335 (citation omitted). Warren, Jeannine, and Annette respond that the circuit court properly denied the Motion as untimely

because Kristina and Darren could not challenge the Second Amended Trust after the repose period expired under SDCL 55-4-57(a).

[¶22.]    SDCL 55-4-57(a) provides in relevant part:

> A judicial proceeding to contest whether a revocable trust or any amendment thereto, or an irrevocable trust was validly created may not be commenced later than the first to occur of:
>
>    (1) One year after the settlor's death; [or]
>
>    (2) Sixty days after the trustee . . . sent the person who is contesting the trust a copy of the trust instrument and a notice informing the person of the trust's existence, of the trustee's name and address, and of the time allowed for commencing a proceeding[.]

SDCL 55-4-57(a) is a statute of repose. *Matter of Elizabeth A. Briggs Revocable Living Tr.*, 2017 S.D. 40, ¶ 9, 898 N.W.2d 465, 469. "SDCL 55-4-57(a)(1) bars claims contesting the validity of revocable and irrevocable trusts one year after the settlor's death, *regardless of when the injury arose or when the person received notice.*" *In re Wintersteen Revocable Tr. Agreement*, 2018 S.D. 12, ¶ 27, 907 N.W.2d 785, 793 (quoting *Briggs*, 2017 S.D. 40, ¶ 9 n.5, 898 N.W.2d at 469 n.5). "[W]ith the expiration of the period of repose, the putative cause of action evanesces; life cannot thereafter be breathed back into it." *Wintersteen*, 2018 S.D. 12, ¶ 27, 907 N.W.2d at 793–94 (alteration in original) (citation omitted). "[E]quitable tolling [may not be] invoked to alleviate a claimant from a loss of his right to proceed with a claim." *Briggs*, 2017 S.D. 40, ¶ 12, 898 N.W.2d at 470 (second alteration in original); *see also Pitt-Hart v. Sanford USD Med. Ctr.*, 2016 S.D. 33, ¶ 20, 878 N.W.2d 406, 413 (explaining that a statute of repose can "not be tolled *for any reason*" (citation omitted)). "[T]he purpose of SDCL 55-4-57(a) is to facilitate the expeditious

administration of trusts by limiting the time period to commence a trust contest."
*Briggs*, 2017 S.D. 40, ¶ 13, 898 N.W.2d at 470.

[¶23.] To the extent that Kristina and Darren sought to intervene to assert an *independent claim* challenging the validity of the Second Amended Trust, that effort was untimely and barred by SDCL 55-4-57(a).[4] First National Bank provided notice to the beneficiaries of the Second Amended Trust on September 25, 2019, commencing a 60-day repose period under SDCL 55-4-57(a)(2). Kristina and Darren did not challenge the validity of the Second Amended Trust within 60 days after they received notice.

[¶24.] However, the circuit court did not consider whether, under the timeliness standards applicable to requests under SDCL 15-6-24(a)(2), Kristina and Darren were precluded from intervening to join in the Petition filed by Bradley. We have emphasized that intervention "is strictly procedural." *Southard*, 342 N.W.2d

---

4. In *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 102 (2d Cir. 2013), the lead plaintiff, a state retirement system, filed a class action for claims arising from the purchase of securities from the defendant. The claims arose from the similar securities purchased by other, unrelated governmental retirement systems (putative class members), who were not named parties. *Id.* at 102–03. The lower court dismissed certain claims on behalf of the putative class members, determining the lead plaintiff lacked standing. *Id.* at 103. Following the dismissal of the claims and the expiration of the statute of repose under federal law, the putative class members sought to intervene in the action to revive their claims. *Id.* at 104. The court denied intervention, determining that the claims could not be equitably tolled or relate back to the time of the filing of the class action under the repose statute and holding that "absent circumstances that would render the newly asserted claims independently timely," intervention is not permissible "in order to revive claims that were dismissed from the class action complaint for want of jurisdiction." *Id.* at 111–12. We conclude the same rule applies under the repose statute in SDCL 55-4-57(a) to any independent claim by Kristina and Darren to challenge the Trust.

at 234 (citation omitted). Intervention "creat[es] an opportunity to persons directly interested in the subject matter to join in an action or proceeding *already instituted*." *Berbos*, 2018 S.D. 82, ¶ 7, 921 N.W.2d at 477 (emphasis added) (citation omitted). Under our procedural intervention rule, "[a]n intervenor's presence in the action does not necessarily 'clothe it with the status of an original party.'"[5] *Citibank (S.D.), N.A. v. State*, 1999 S.D. 124, ¶ 11, 599 N.W.2d 402, 405 (quoting *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985)). Nevertheless, intervention allows their "voice . . . to be heard" by the court. *Id.* (citation omitted).

[¶25.] In denying the Motion as untimely, the circuit court relied on *Wintersteen*, but *Wintersteen* did not address the question of whether a beneficiary with a recognized interest in a properly filed challenge to a trust may intervene in the proceeding after the repose period has run. Rather, in *Wintersteen*, this Court concluded that a widow could not amend her original petition for court supervision of her deceased husband's trust to include a belated challenge to the validity of the trust that was otherwise barred by SDCL 55-4-57(a). 2018 S.D. 12, ¶ 27, 907 N.W.2d at 793.

---

5. It is unclear whether intervention would provide Kristina and Darren with any different status in the litigation involving the Petition than they already have as beneficiaries under SDCL 21-22-13 "as to any matter relevant to the administration of the trust[.]" *See also Matter of Russell I. Carver Revocable Tr.*, 2020 S.D. 31, ¶ 32, 944 N.W.2d 808, 816 (noting that under provisions in SDCL chapter 21-22, interested parties must be given notice of the proceedings and an opportunity to object and be heard). The parties have not addressed Kristina and Darren's participation under SDCL 21-22-13. Therefore, in this appeal we consider only the issues involving their Motion under SDCL 15-6-24(a)(2).

[¶26.] Unlike *Wintersteen*, Bradley's Petition challenging the validity of the Second Amended Trust was commenced before the statute of repose in SDCL 55-4-57(a) had expired. Kristina and Darren have a recognized interest in the Petition that was timely instituted, as the remedies sought by the Petition directly impact them. Therefore, the circuit court erred by denying the Motion as untimely under SDCL 55-4-57(a).

[¶27.] The circuit court also erred in denying the portion of Kristina and Darren's motion for clarification and reconsideration seeking to participate in the trial. The court had already entered an order for court supervision of the Trust. *See* SDCL 21-22-9 (allowing trustors, fiduciaries, and beneficiaries to request the court to exercise supervision of the trust). SDCL 21-22-13 treats beneficiaries of a trust as interested parties after an order for court supervision is entered. Under the trust statutes, Kristina and Darren, as beneficiaries, are interested parties in "any matter relevant to the administration of the trust[.]" SDCL 21-22-13. By denying the request from Kristina and Darren to participate in the trial proceedings, the circuit court improperly placed Kristina and Darren at a disadvantage relative to the other beneficiaries who did not seek intervention.

[¶28.] Warren, Jeannine, and Annette nevertheless argue that intervention would allow Kristina and Darren to step into Bradley's shoes and litigate their time-barred claims, undermining the purpose of SDCL 55-4-57(a). However, this misapprehends the procedural nature of SDCL 15-6-24(a)(2). *Southard*, 342 N.W.2d at 233–34. An order granting intervention does not create additional substantive claims for the intervening party, but rather permits a party to join an

existing action in which the intervenor has an interest. *Berbos*, 2018 S.D. 82, ¶ 7, 921 N.W.2d at 477; *see also IndyMac MBS, Inc.*, 721 F.3d at 109 (explaining that the expiration of a statute of repose extinguishes the intervenors' right to revive independent claims and that the proposed intervenors do not have any other recognized interest in the pending litigation).

[¶29.]     There is no dispute that Kristina and Darren have a recognized interest in Bradley's Petition and have satisfied the tripartite test for mandatory intervention applicable to requests under SDCL 15-6-24(a). Therefore, the question of timeliness must be considered in the context of SDCL 15-6-24(a). The timeliness of the Motion under SDCL 15-6-24(a) turns on "how quickly [Kristina and Darren] acted once [they] learned that [their] interests were not protected by [Bradley]." *Weimer*, 504 N.W.2d at 335 (citation omitted). "[T]he most important factor is whether the delay in moving for intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Larson v. All-American Transport, Inc.*, 83 S.D. 622, 164 N.W.2d 603, 606 (1969). "[I]ntervention standards are flexible, allowing for some tailoring of decisions to the facts of each case." *Berbos*, 2018 S.D. 82, ¶ 7, 921 N.W.2d at 477 (citation omitted). Because the circuit court failed to consider the timeliness of the Motion applying the intervention standards under SDCL 15-6-24(a), we reverse the court's order denying intervention.

[¶30.]     Warren, Jeannine, and Annette argue that allowing Kristina and Darren to intervene in the Petition would be prejudicial and cause undue delay, where there had already been months of time-consuming and expensive discovery.

The circuit court seems to have alleviated some of these concerns by entering a protective order and denying the request to modify the scheduling order. However, it is not apparent from the record that the circuit court considered whether the other beneficiaries would be prejudiced if Kristina and Darren intervened. While the court has discretion to determine timeliness of an application for intervention, "[t]he most important factor" for the court to consider in making this determination "is whether the delay in moving for intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Larson*, 164 N.W.2d at 606*; see Weimer*, 504 N.W.2d at 336 (granting intervention because a party would not have suffered any prejudice from allowing a party to intervene). On remand, the court may consider any further prejudice concerns, and if the court grants intervention, it may appropriately "tailor" the intervention order to facilitate the expeditious administration of the Trust and address any alleged prejudice. *See In re Adoption of D.M.*, 2006 S.D. 15, ¶ 4, 710 N.W.2d 441, 443 ("We have emphasized . . . 'that intervention standards are flexible, allowing for some tailoring of decisions to the facts of each case.'" (citation omitted)).

## Conclusion

[¶31.] We reverse the order denying intervention and remand for the circuit court to consider the timeliness of Kristina and Darren's request to intervene under the standards set forth in SDCL 15-6-24(a)(2). We also vacate the portion of the circuit court's order on the motion for clarification and reconsideration, denying the request by Kristina and Darren to participate at the trial, and direct the court to reconsider this order after reconsidering their request for intervention.

#29677

[¶32.] KERN, SALTER, DEVANEY, and MYREN, Justices, concur.